IDA M. E. CAMPBELL, Respondent, v. J. M. WHITSETT, Administrator, Etc., Appellant.

Kansas City Court of Appeals, May 4, 1896.

1. Administrator: WIDOW'S YEARLY ALLOWANCE: LIMITATION: LONG RESIDENCE. The two years' statute of limitation does not run against the widow's claim for a year's provision or for a money allowance in lieu thereof, nor will the fact that she left the state soon after her husband's death defeat such claim, as the money is her absolute property.

2. ———: ———: SURCHARGING SETTLEMENTS. Where a widow applies for an allowance for a year's provision, the proceeding is only to establish her claim and the amount thereof and should not involve an overhauling of the settlements and accounts of the administrator. But after allowance, if it is not paid, in a proper case proceedings to surcharge settlements may be had in a court of competent jurisdiction.

3. ———: ———: JUDGMENT: EXECUTION. On this application by the widow for an allowance for a year's provision, the judgment should simply establish the claim or appropriate assets for the payment thereof but should not order an execution against the administrator.

*Appeal from the Jasper Circuit Court.*—HON. E. C. CROW, Judge.

AFFIRMED.

*Geo. P. Whitsett* for appellant.

(1) If the demand for an allowance by the widow is anything, it is a claim against the estate, and if so must be filed and urged as such within two years. R. S. 1889, sec. 188. (2) It is practically conceded in this case, and is the undisputable law, that the statutory allowance to the widow, as claimed by this plaintiff, is only payable out of the assets of the estate in the hands

of the administrator, and such an allowance must be made timely and before the assets have been paid out in the discharge of the debts and expenses of administration, and it is improper to make such allowance without sufficient funds in the hands of the administrator to pay the same, and the allowance of such demand can never result in personal judgment against the administrator, but only to charge assets in his hands remaining undistributed. *Whaley v. Whaley*, 50 Mo. 377; *Ritchey v. Withers*, 72 Mo. 556; Woerner, pp. 187, 190, 191; *Kingman v. Kingman*, 31 N. H. 182; *Gillespie v. Hymans*, 4 Dev. 119. (3) No allowance whatever should have been made in this case, where the widow and her children moved immediately after the death of Campbell to another state, have since resided there, and no necessity for such allowance is made to appear, and such allowance is not to be entertained when the time for which the allowance was intended has expired. Woerner, pp. 160, 161, 189; Thompson on Homesteads and Ex., sec. 40; *In re Lamborn*, 2 Hughes, 233. The probate court had jurisdiction of the claim in question, and in allowing such demands against the estate of T. J. Campbell it exercised a judicial power; it is not subject to collateral attack, although such allowance may have been erroneous, and such claims fictitious, of which there is not the slightest testimony in this case. *Rogers v. Johnson*, 125 Mo. 212.

*M. G. McGregor* for respondent.

(1) Among other things a widow is allowed as her absolute property all grain and other provisions necessary for her family's subsistence twelve months, household and kitchen furniture not to exceed the value of $500, and also personal property of the appraised value of $400. On the death of her husband this prop-

erty vests absolutely in her. If she does not receive the property the $400 is to be paid her in money. 1 R. S., secs. 105, 106, 107, 109; *Hastings v. Meyers*, 21 Mo. 519; *Griswold v. Mattix*, 21 Mo. App. 285. (2) There is no time fixed within which the appropriation shall be made, and it is the duty of the court to make the appropriation whether applied for or not. The only requirement is that it must be from the personal assets. *Ritchey v. Withers*, 72 Mo. 559; Woerner's Adm'n Law, sec. 92 ,pp. 190, 191; 1 R. S., sec. 106. Neither does the statutory bar of two years apply to this case; that only applies to debts owing by the deceased. 1 R. S., sec. 184; *Whaley v. Whaley*, 50 Mo. 582; *Ritchey v. Withers, supra.* The appellant objects to the form of the judgment of the trial court in being for the payment of money and not an appropriation out of the assets, but does not specify this objection in his assignment of errors or motion in arrest of judgment. The error, if any, in the judgment can only be an informality in making up the record of ths judgment and negligence of the clerk provided for in section 2113 of our statute. *Sage v. Tucker*, 51 Mo. App. 341; *Cruchon v. Brown*, 57 Mo. 39; 1 R. S., sec. 2113; *Proctor v. Railroad*, 42 Mo. App. 133, 134.

ELLISON, J.—This proceeding is an application by a widow for an allowance in money out of the assets of her deceased husband's estate, in lieu of a year's provisions allowed her by section 106, Revised Statutes, 1889. The application was made to the probate court and allowed. The administrator appealed to the circuit court where a judgment was rendered against the defendant, as administrator, for the amount asked as an allowance, viz., $300, and he has again appealed.

The chief objection made by the defendant to the judgment of allowance is that the claim was not pre-

sented until more than two years after the granting of letters of administration, such time being the limitation prescribed for the presentation and allowance of accounts. Sec. 188, R. S. 1889. In our opinion, this limitation period does not apply to the widow's claim for an allowance in lieu of the year's provisions allowed her by statute.

It is also objected that as the widow became a nonresident of the state immediately after her husband's death, and was at the time of presenting her claim, she was not entitled to have it allowed. But we think such fact would not debar her claim. The year's provision allowed her is her absolute property. So, if it be not on hand, the money in lieu thereof would be hers as her absolute property and not depending upon her place of residence after her husband's death. We deem this to be the logical result of the cases of *Cummings v. Cummings*, 51 Mo. 261, and *Hastings v. Myers*, 21 Mo. 519.

Most of the contest below seems to have been over the question whether there were any assets on hand out of which the claim could be paid, and in undertaking to ascertain this, the investigation took a wide range. Indeed, parts of it seemed aimed at an inquiry into the affairs of the administration, the propriety of the allowance of certain accounts, etc. The court, as shown by the declarations of law, was of the opinion that such matters were foreign to the inquiry. A simple proceeding of this sort can not involve an overhauling of the settlements and accounts of the administration and the judgments of the probate court. In such an investigation, the amount of assets unappropriated, if any, should be found and that sum ordered paid. *Whaley v. Whaley*, 50 Mo. 577. But if the case is merely to establish the widow's claim, and it be not afterward paid, then, as in other cases, if there be a

cause sufficient to inquire into the administration of the estate—to open and surcharge settlements—it could be done by a proper procedure in a court of competent jurisdiction. Or if assets properly applicable to the allowance be in the administrator's hands and he willfully refuses to pay, a sufficient remedy exists.

The result of the trial below, as is shown by the judgment entered by the court, is merely to establish the claim of the widow and the amount thereof. Whether it is to be paid will depend upon whether there be assets unappropriated with which to pay it, and this, we deem it proper to say, has not been adjudicated. In this view of the judgment, we should affirm it, as it appears in the record, were it not that there is added to it a clause making it a judgment against the administrator, as such, and ordering execution. A judgment for the widow under this statute should be no more than a judgment establishing the claim; or an order appropriating assets, ascertained to be unappropriated, to the payment of the claim and ordering it paid. Viewing the judgment as one establishing the claim merely, we will strike from it the following clause: "It is further ordered and adjudged by the court that the plaintiff have and recover of and from the defendant, as administrator, the sum of $300, the amount found due by the court as aforesaid, together with the costs of this suit, and that execution issue therefor;" and, as amended, order its affirmance. All concur.