In the matter of the Estate of CHARLES R. ULRICI, Deceased; ERIKA JOHNSTON, Respondent, v. WILLIAM B. THOMPSON, Administrator Estate CHARLES R. ULRICI, Appellant.

St. Louis Court of Appeals, November 16, 1909.

1. ADMINISTRATION: Limitation: Two-Year Statute: Does not Begin to Run Until Letters Granted. Commonly, section 185, Revised Statutes 1899, which limits the presentation of demands for allowance against an estate, does not begin to run until letters of administration are granted, and bars ordinary demands in two years thereafter.

2. ———: ———: Two-Year Statute: Does Not Apply to Widow's Allowance. Section 185, Revised Statutes 1899, does not apply to a demand by a widow, under sections 105, 106, Revised Statutes 1899.

3. ———: ———: Five-Year Statute: Does Not Begin to Run Until Letters Granted. If the five-year Statute of Limitations (Section 4273, Revised Statutes 1899) has anything to do with the demand by a widow for an allowance, under sections 105, 106, Revised Statutes 1899, it would begin to run only after administration had been granted; and it is not incumbent on the widow to take out letters.

4. INSURANCE: Beneficiary: Vested Interest. One having an undivided interest in a paid-up policy of another has a vested interest during the life of the insured, and the insurance money is an asset of his estate after insured's death and payment by insurer, though he died before insured.

5. LACHES: Delay in Presenting Claim for Widow's Allowance. A widow, who was ignorant that her deceased husband was beneficiary in an insurance policy, which did not accrue until after his death, and who presented her claim for widow's allowance more than nine years after his death, but less than three

months after administration was granted, was not guilty of laches in failing to take out letters of administration or present her demand sooner, especially as the estate was not prejudiced by the delay.

Appeal from St. Louis City Circuit Court.—*Hon. Matt. G. Reynolds,* Judge.

AFFIRMED.

*Fred. Armstrong, Jr.,* for appellant.

(1)   The general five-year Statute of Limitations, section 4273, Revised Statutes 1899, bars the claim of a widow for an allowance in lieu of provisions. See cases cited infra.   (2)   (a) Title to the "grain, meat and other provisions," granted a widow by section 105, Revised Statutes 1899, does not in all probability pass to her directly by virtue of the husband's death, but goes first to the administrator.  Adey v. Adey, 58 Mo. App. 408; McMillan v. Wacker, 57 Mo. App. 220; Mahoney v. Nevins, 190 Mo. 360; Norton v. Thompson, 68 Mo. 143.   (b) And certainly the right to an allowance in lieu of such provisions under section 106, is but a right  or cause of action against the estate requiring proceedings in and a judgment of the probate court in favor of the claimant and against the estate in order to establish it.  Secs. 105 and 106, R. S. 1899; Campbell v. Whitsett, 66 Mo. App. 444; Fisher v. Clopton, 110 Mo. App. 663; Robinson v. Ware, 94 Mo. 678.   (3) The process by which the widow obtains an allowance in lieu of provisions is "an action" within the meaning of the Statute of Limitations, cited supra.  See cases cited under point II.; Schleuter v. Albert, 39 Mo. App. 154; Eckerle v. Wood, 95 Mo. App. 378; McBride's Appeal, 72 Pa. St. 480; Lester v. Lester, 70 Ind. 201. (4)   The liability of the estate to the widow for an allowance in lieu of provisions is "a liability created

by statute" within the meaning of said Statute of Limitations. Hawkins v. Furnace Co., 40 Ohio St. 507. (5) Although the Statute of Limitations is held in general not to run in favor of an estate while there is no administration, this rule does not hold to the advantage of one who has the right to take out letters. Bauserman v. Blunt, 147 U. S. 647. (6) Section 109, Revised Statutes 1899, applies solely to the $400 absolute allowance to a widow and constitutes a limitation on claims for such allowance additional to the general limitation. It does not refer to an allowance in lieu of provisions. R. S. 1835, p. 48, sec. 32. (7) In waiting more than nine years after Ulrici's death to present her claim, without taking any steps to conserve his estate, during which time she had married and removed from the State, and during which time administration had been taken on the estate by others interested in it, Mrs. Johnston was guilty of such gross laches as to bar her claim for an allowance in lieu of provisions. For a long list of Pennsylvania decisions see Cent. Dig. title Executors and Administrators, sec. 703; Tarrant v. Kelly, 81 Ill. App. 118; Tiebout v. Millican, 61 Tex. 514; Lisk v. Lisk, 155 Mass. 153; Griswold v. Nathies, 21 Mo. App. 285. (8) The allowance to a widow in lieu of provisions should be a reasonable one and the allowance made by the circuit court was too great. Austin's Estate, 73 Mo. App. 61; See v. See, 66 Mo. App. 566.

*S. C. Rogers* for respondent.

Appellant's claim of bar by limitation and laches is absolutely without merit. There is no statute of limitations applicable to a claim of this kind. Coulter v. Lyda, 102 Mo. App. 401. The section 106, Revised Statutes 1899, says: "On hand at the time of taking the inventory." Sections 105, 106, 107, 108 and 109 should all be considered together; they create the right and

145 App—30

prescribe the time; therefore, do not come within the purview of the Statutes of. Limitations, but are governed by section 4292, Revised Statutes 1899, which provides the chapter on limitations applies only in the absence of any limitations in any statute giving or creating any right. State ex rel. v. Trust Co., 209 Mo. 493. The two-year statute within which to administer, present and allow claims does not apply to an allowance in lieu of provisions. Campbell v. Whitsett, 66 Mo. App. 444. It is too late after it is paid out for debts or distributed. Drowry v. Bauer, 68 Mo. 155. The assignment of errors by appellant, his points and authorities, and argument in the brief, raise, cite or discuss no law or case germane or contrary to the allowance to this respondent; on the contrary, every point has been thoroughly discussed, reviewed and decided adversely to appellant, absolutely, positively and without uncertainty. Comerford v. Coulter, 82 Mo. App. 362; Coulter v. Lyda, 102 Mo. App. 401; Campbell v. Whitsett, 66 Mo. App. 444; King v. Ex. of King, 64 Mo. App. 301. Hence, the errors assigned do not present any fairly debatable or unsettled question of law or fact, and the appeal is without any merit and should be affirmed with damages. Mooneyham v. Cella, 91 Mo. App. 260; Smith et al. v. White, 17 Mo. App. 443.

GOODE, J.—This proceeding was begun in the probate court by plaintiff to recover $360 in cash out of the estate of Charles R. Ulrici, deceased, in lieu of an allowance of provisions for one year's support. Plaintiff, Erika Johnston, is the widow of said Charles Ulrici, and defendant Thompson is the administrator of his estate. Erika Johnston was married to the deceased in 1891 and lived with him in the city of St. Louis until 1898, when he died. She subsequently married a man named Johnston and moved to Arkansas. Ulrici left no personal property whatever at his death, except his clothes, which he had bought with money

advanced by plaintiff, but he was interested in a policy of insurance on the life of his father; a fact plaintiff was ignorant of at the time. This interest of the deceased was one-fourth of policy No. 172000, dated September 2, 1884, issued by the Connecticut Mutual Life Insurance Company, on the life of Rudolph W. Ulrici, being a paid up policy for $3112. Said Rudolph died March 4, 1907, whereby one-fourth of the policy, or $778, became payable to the estate of his son, Charles R. Ulrici. Plaintiff claimed the right to have $360, in lieu of the provisions, or money substitute therefor, the statute would have allowed her out of her husband's estate if he had been possessed of property or money when he died. [R. S. 1899, secs. 105, 106.] The court found plaintiff was entitled to twenty dollars a month or $240 in lieu of such provisions, and entered judgment in her favor for said sum, and defendant appealed, contending the demand was barred by limitation. The statute cited as barring plaintiff's claim is the one which limits actions on a liability, other than a penalty or forfeiture, created by a statute, to five years. [R. S. 1899, sec. 4273.] The argument is that plaintiff's demand rests on a statute giving her a year's provisions, or, in lieu of same, a reasonable appropriation out of the assets of the estate, and this statutory liability of the estate, not being a penalty or forfeiture, falls within the limitation prescribed in the cited section. Allowing this reasoning to be sound, though we think its soundness dubious, the question comes up regarding when the statute began to run against plaintiff's demand. No administration was granted on her deceased husband's estate until April 2, 1907, or more than nine years after his death; and on June 12, 1907, shortly after administration was granted, plaintiff presented her demand. Commonly the statute limiting the presentation of demands for allowance against an estate, does not begin to run until letters are granted, and bars ordinary demands in two years after the grant. [R. S. 1899, sec.

185.] But the two-years statute does not apply to a demand by a widow like the one in controversy. [Campbell v. Whitsett, 66 Mo. App. 444.] Counsel for defendant insists the five-years statute began to run against plaintiff before letters were granted, because she was entitled to take out letters; citing Bauserman v. Blunt, 147 U. S. 677. In that case the Supreme Court of the United States followed the Supreme Court of Kansas in its construction of a statute of the State of Kansas. The construction adopted was that if the limitation period was running in favor of a debtor when he died, the statute was suspended by the death, but only long enough for the creditor to have an administrator appointed for the debtor's estate. Said decision, which does not declare the general doctrine held by the United States Supreme Court, but merely announces a rule peculiar to the State of Kansas as established by the decisions of its Supreme Court, would be no authority even in Kansas for the proposition in support of which it is cited in the present case, to-wit, that a limitation statute will run in favor of the estate of a decedent, against a demand held by a claimant who is entitled to take out letters of administration on the estate, even though, in fact, letters have not been granted to the claimant or any one else. We know of no authority anywhere for that proposition. It is true plaintiff, as the widow of Charles R. Ulrici, might have asked for letters on his estate if she had been apprised of any assets left by him, but she was not bound, even then, to take out letters; and to hold the law will punish her for not availing herself of the privilege to administer, by barring a claim she holds against the estate for statutory allowances, or arising out of other matters, would be a ruling without precedent in the adjudicated cases. If the five-year Statute of Limitations has anything to do with this demand, it would only begin to run after administration had been granted, so the demand could be preferred in the probate court.

Neither do we see how the interest of Charles R. Ulrici in the insurance policy could have been administered upon until the death of his father, the insured, or plaintiff's demand paid, except by having the expectancy sold by order of court; and this would have been a most improvident procedure, and one any court would be slow to authorize, because such an uncertain interest probably would be sacrificed in a sale. No doubt the insurance money was an asset of Charles R. Ulrici's estate after the death of the insured and payment by the company. It then fell within that class of assets of a decedent which consists of property accruing after his death. [11 Am. and Eng. Ency. Law (2 Ed.), p. 836, and citations; Conigland v. Smith, 79 N. C. 303; U. S. Trust Co. v. Ins. Co., 115 N. Y. 152.] And it was a vested interest in Charles R. Ulrici as beneficiary even during the life of the insured. [U. S. Casualty Co. v. Kacer, 169 Mo. 301.] For these reasons the defense of laches is raised against plaintiff, it being asserted she should have taken out letters or presented her demand sooner. Suffice to say she was ignorant that her husband had any interest in the insurance policy or even of its existence, and hence laches cannot be imputed to her; especially as the estate has not been prejudiced by the delay.

The judgment is affirmed. All concur.