In the Matter of the ESTATE of Mamie GUTHLAND, Deceased (formerly Mamie Zurline).

Frank GUTHLAND, Claimant-Respondent,

v.

Rose REINEKE, Mamie Dettmann, Lillian Donnelly and Dorothy Roth (Heirs of the decedent by her first marriage), Appellants.

No. 33112.

St. Louis Court of Appeals.

Missouri.

Feb. 3, 1969.

Edward C. Schneider, Harry A. Frank, St. Louis, for appellants.

Irving M. Malnik, St. Louis, for claimant-respondent.

DOERNER, Commissioner.

Appellants Rose Reineke, Mamie Dettmann, Lillian Donnelly, and Dorothy Roth, children and heirs of the decedent Mamie Guthland by her first marriage, objected to and contested the petition of Frank Guthland, the surviving spouse of the decedent, for the allowance of a year's support. The Probate Court of St. Louis County made an allowance of $3,000, which was upheld by the Circuit Court, and the appellants bring this appeal.

Most of the pertinent facts are a matter of record and in the main are undisputed. The decedent died intestate on August 28, 1953 leaving surviving her the named appellants, the children by her first marriage; Frank Guthland, her surviving spouse; and Norma Jean Guthland Arnold, her daughter born of her second marriage. At the time of her death the decedent was the sole owner of real property known as and numbered 4666 Tieman Avenue and certain vacant lots in St. Louis County, at which address the decedent and her husband had resided and which the widower continued to occupy until 1965. Almost three years after the decedent's death, on August 4, 1956, the widower applied for and was granted letters of administration on the decedent's estate. His inventory and appraisement, subsequently filed, revealed that there was no personal property in decedent's estate and that the only asset was the real estate, appraised at $10,000. In August, 1957, proof of service to the heirs by mail of notice of final settlement was filed, as was proof of notice by publication. However, the final settlement was continued and on October 15, 1957 a report in lieu of an annual settlement was filed. Similar reports were filed in 1958, 1959, 1960, 1961 and 1962. Similar reports were also filed in 1963, 1964 and 1965, but only after delinquent settlement notices and citations to file settlements had been issued by the Probate Court.

On November 19, 1964, the appellants filed in the Circuit Court of St. Louis County a suit for the partition of the real estate formerly owned by decedent, and on the same day notice of the filing of that suit was filed in the Probate Court. The record before us does not disclose all of the facts regarding the prosecution of the partition suit but it does show that on June 24, 1965, an interlocutory decree in partition was granted by the court. It also appears that on August 13, 1965 the real property was sold by the duly appointed Special Commissioner at public sale pursuant to court order for the sum of $9450, and that said proceeds, minus the expenses of sale and other disbursements ordered by the court, are still in the hands of the Special Commissioner, pending further order of the court.

The widower did not file his petition for the allowance of a year's support until November 10, 1965, almost three months after the partition sale. The Probate Court made an order on January 27, 1966 allowing him $3,000 and the appellants appealed to the Circuit Court. Ultimately that court, after a hearing, entered a judgment on October 16, 1967, in which the widower was allowed the same sum, and after an unavailing motion for a new trial the appellants appealed. The widower testified on direct examination that at the time of the decedent's death he was employed by Western Electric Company as an instrument repairman and earned $100 a week. It should be added that from the day letters of administration were first granted the widower was at all times represented by counsel.

Both sides agree that the marital interests of the widower are governed by the probate law in force at the time of the decedent's death in 1953, which of course was prior to the adoption of the probate code in 1955. Thus the statute applicable to the widower's allowance for a year's support was § 462.450, RSMo 1949, which provided that in addition to dower, the family Bible, and certain other personal property, a widower or widow was entitled to receive:

" * * * such sums of money in exclusion of all debts, claims, charges, legacies, and bequests, as the court may deem reasonable for the proper support of the said widower or widow, and the minor children under the age of eighteen years, if any, as the case may be, for the period of one year after the death of the spouse, in a manner suited to his, her or their condition in life, taking into account the condition of the estate of the deceased spouse, and the court shall make such appropriation out of the personal assets of the estate; provided, that if there be not sufficient personal assets in the estate available for such purposes, then the court may order the administrator or the executor of said 'estate to mortgage for a term not exceeding one year, or sell for cash, so much of the real estate of the deceased as may be necessary to pay said allowances, such sale to be made subject to any homestead rights in the real estate, mortgaged or sold, and subject to any existing liens thereon, the sale so made to be conducted in the same manner and under the same proceedings as provided by law for sale of real estate of a deceased person to pay debts of the estate."

Initially appellants assert that the widower's application for the allowance of a year's support is barred by the second paragraph of § 516.120, RSMo 1959, V.A. M.S. That section and paragraph provides that unless commenced within five years there will be barred: "An action upon a liability created by a statute other than a penalty or forfeiture." The conten-

tion here advanced by appellants was also made in the case of In re Ulrici's Estate, 145 Mo.App. 463, 122 S.W. 761. There, without discussing the issue or giving its reasons, this court characterized the contention as of dubious soundness. However, in that case the application, while filed more than nine years after the decedent's death, was filed about two months after letters of administration had been granted. Accordingly, the court pointed out that even if it assumed that the statute of limitations was applicable the widow's right to the year's allowance was not barred because the statute did not begin to run until the letters were granted, and the application was therefore not barred. Obviously that case cannot be considered as a firm holding that the statute of limitations will bar the right to such an allowance.

■ By its terms paragraph 2 of § 516.120 governs only "actions," and the question immediately arises whether an application for a year's allowance is an action within the meaning of that word. We think not. The usual and accepted meaning of the word "action" is that stated in State ex rel. Silverman v. Kirkwood, 361 Mo. 1194, 239 S.W.2d 332, 336: " * * * Generally, an action is such a judicial proceeding as, conducted to termination, results in a judgment. * * * " It was held in Howard v. Strode, 242 Mo. 210, 146 S. W. 792, that a motion of a distributee to require the administrator to make a final settlement and to deliver to the distributee a child's share of the personal property is not a petition instituting a suit or action. It would also appear, from the conclusions stated in that case, that an application by a surviving spouse or minor child for a year's allowance is not a petition instituting a suit or action. Howard v. Strode, supra. Rather than an "action," within the accepted meaning of that word, such a proceeding as that here under consideration is in the nature of what our Supreme Court en Banc has characterized as a "special proceeding." State ex rel. Silverman v. Kirkwood, supra. Having reached the con-

clusion that a proceeding for the allowance of a year's support is not an action as that term is employed in § 516.120(2), V.A.M.S., it becomes unnecessary for us to decide, as appellants argue, that a proceeding for the allowance for a year's support is one based "upon a liability created by a statute" within the terms of § 516.120(2).

Appellants also maintain, in the alternative, that if § 516.120(2) is not applicable to a proceeding for a year's allowance then the rule is that an application therefor must be filed within a reasonable time after letters have been granted; and that the widower having failed and neglected to do so in the instant case, his application is barred. The widower readily agrees that the rule is that such an application must be filed within a reasonable time. Indeed, it could scarcely be contended otherwise, for the Probate Court does not make an allowance sua sponte and an application must be filed by the surviving spouse or minor child before the court may grant the allowance. Andrews v. Brenizer, Mo.App., 230 S.W.2d 787. And as pointed out in Monahan v. Monahan's Estate, 232 Mo.App. 91, 89 S.W.2d 153, 157, in the absence of any specification in § 462.450 as to the time within which such an application must be made in order to preserve the right of the beneficiary, " * * * The time, then, should be a reasonable time. * * *"

However, while the widower agrees with the rule that the application must be filed by a beneficiary within a reasonable time in order to preserve his right to an allowance, the widower asserts the addendum to the rule that regardless of the length of time which may have elapsed, an application is filed within a reasonable time if it is presented before the personal property in the estate is sold or distributed. There are a number of reasons why we cannot agree with that addendum. In the first place, the cases cited by the widower do not support the broad sweep of the addendum for which he contends. Thus in

Howard v. Strode, 128 Mo.App. 482, 106 S.W. 116, 120, the court did not hold that an application might be filed after the passage of an unlimited amount of time. Referring to the widow's attempted dismissal in the Circuit Court of her application for an allowance, and the argument of the executor that repeated dismissals would postpone indefinitely the administration of the estate, the court said: " * * * The answer to this argument is that the appellant does not have unlimited time in which to demand her allowance as widow. What she is asking for is a money allowance in lieu of grain, meat, and other provisions granted by the statute out of the estate of a decedent for the support of his widow and children for 12 months. We think the allowance must be applied for within the 12 months; but, if not, undoubtedly it would have to be applied for, like the other allowances to the widow, before the personal property is distributed or sold. * * *" That ruling certainly does not sustain the widower's argument that however many years may elapse before an application is filed, it will be considered to have been presented within a reasonable time if filed before the personal property is sold or distributed.

Furthermore, the language in Cummings v. Cummings, 51 Mo. 261; Monahan v. Monahan's Estate, supra, and Howard v. Strode, supra, which would tend to indicate that an application is filed within a reasonable time so long as it is filed before the personal property is sold or distributed must be considered in the light of the facts in those cases. In Monahan, for example, which both sides appear to consider the leading case on the subject, the application for the allowance made on behalf of the widower, who had been adjudicated of unsound mind prior to his wife's death, and who died about 10 months after her demise, was filed 12 months and 21 days after the wife died, and 12 months less one day after her will had been admitted to probate. No case has been cited to us, nor has our research disclosed one, where as occurred here, an application filed 12 years after letters of administration were granted has

been held to have been filed within a reasonable time.

■ Lastly, the addendum to the rule of reasonableness as advanced by the widower is inconsistent with and contrary to the purpose and intent of § 462.450. At common law there was no authority for the making of an allowance to a surviving spouse or a minor child of a year's support, Jaeglin v. Moakley, 236 Mo.App. 254, 151 S.W.2d 524; McDonnell v. Oxler's Estate, Mo.App., 235 S.W.2d 568. The obvious and benign purpose of the legislature in adopting § 462.450 was to authorize the Probate Court to provide temporary maintenance for the surviving spouse and minor children of the decedent during the period immediately following his death and until some permanent provision can be made for their support. In re Bernays' Estate, 344 Mo. 135, 126 S.W.2d 209; In re Wahl's Estate, 236 Mo.App. 345, 158 S.W.2d 743. And since the purpose and intent of the statutory provision was to provide temporary maintenance for such dependents for the period immediately following the decedent's death, it would be illogical and unsound to hold, as the widower here advocates, that an application for an allowance has been filed within a reasonable time even though many years had passed since the widower was in need of such temporary maintenance. We do not mean to say that under § 462.450 in all cases it is mandatory upon a beneficiary to apply for an allowance within 12 months of the granting of letters. What was or is a reasonable time must be governed by the facts in each case. With reference to the time within which an application must be filed it is said in 34 C.J.S., Executors and Administrators § 347, p. 54:

"* * * While a delay which is reasonable under existing circumstances may be allowed, laches or an unreasonable delay will usually have the effect of defeating the right, especially if the tardy assertion of the claim would cause embarrassment and difficulty in settling the estate or unduly prejudice intervening rights. The period of time which will be regarded as reasonable or as a bar in the particular case depends on the surrounding facts and circumstances."

■ The undisputed facts in this case are that the widower did not even initiate the administration on his deceased wife's estate until almost three years had elapsed after her death; that for nine years thereafter, for no valid reason shown, he procrastinated in bringing his administration of her estate to a conclusion; that during that time he repeatedly had to be cited by the Probate Court for his failure to file settlements; that the only asset in the estate having been real estate, title thereto vested in the decedent's heirs, certain of whom, the appellants here, eventually filed and prosecuted their partition action; that prior thereto the widower did not apply for an allowance for a year's support or seek to have the real estate sold in order to pay said allowance, as provided in § 462.-450; that the widower failed and neglected to file his application for a year's allowance until after the partition sale, and more than nine years after he had been granted letters of administration on his wife's estate; and that the widower as administrator had been represented by counsel during the entire nine years his wife's estate was in the process of administration. In view of those facts and circumstances we hold that the widower in this case failed to file his application for the allowance of a year's support within a reasonable time.

Accordingly, the judgment is reversed.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court.

Accordingly, judgment reversed.

ANDERSON, P. J., WOLFE, J., and MARSHALL CRAIG, Special Judge, concur.