Ann BHUKET, M.D., Appellant,

v.

STATE ex rel. MISSOURI STATE BOARD OF REGISTRATION FOR THE HEALING ARTS, Respondent.

No. WD 42512.

Missouri Court of Appeals, Western District.

April 17, 1990.

John David Landwehr, Jefferson City, for appellant.

Johnny K. Richardson, Jefferson City, for respondent.

Before NUGENT, C.J., FENNER, J., and WASSERSTROM, Senior Judge.

FENNER, Judge.

Appellant, Ann Bhuket, M.D., appeals from a judgment of the Circuit Court of Cole County, entered on August 28, 1989, in review of a Decision of the Missouri Administrative Hearing Commission (Missouri Commission).

The Missouri State Board of Registration for the Healing Arts (Missouri Board) filed a Complaint against Dr. Bhuket with the Missouri Commission on or about December 11, 1984. The Missouri Complaint alleged that disciplinary action had been commenced against Dr. Bhuket in the State of Texas by the Texas State Board of Medical Examiners (Texas Board).

The Texas action was initiated by a complaint filed April 24, 1984. The Texas Board heard evidence on the complaint, but prior to final submission of the cause, Dr. Bhuket entered into an agreement with the Texas Board in settlement of the allegations contained in the complaint. Dr. Bhuket agreed to dismiss a lawsuit she had filed against the Texas Board and the Texas Board agreed to dismiss its complaint against Dr. Bhuket. Dr. Bhuket also

agreed to accept the Texas Board's "Order" and not to appeal the same.

The Missouri Commission held a hearing on the Complaint of the Missouri Board on June 21, 1985. On April 24, 1986, the Missouri Commission held that the Missouri Board failed to establish that disciplinary action had been taken by the State of Texas and failed to establish the grounds of the action as required by § 334.100.2(8), RSMo Supp.1984.[1] The Missouri Board appealed to the Circuit Court of Cole County which reversed the decision of the Missouri Commission.

At all times relevant herein, § 334.100.2(8) provided as a ground for the denial, revocation or suspension of a physician's license by Missouri, as follows:

"(8) Disciplinary action against the holder of a license or other right to practice any profession regulated in this chapter granted by another state ... upon grounds for which revocation or suspension is authorized in this state;"[2]

Although Dr. Bhuket appeals from the judgment of the Circuit Court, an appellate court reviews the findings and decision of the agency and not the Circuit Court. *City of Cabool v. Missouri State Board of Mediation*, 689 S.W.2d 51, 53 (Mo. banc 1985).

Dr. Bhuket's only point on appeal is that the finding of the Missouri Commission was correct. Dr. Bhuket argues that the prior proceeding in the State of Texas was not a disciplinary action and even if it is

considered to have been a disciplinary action it was not upon grounds for which discipline would be authorized in Missouri as required by § 334.100.2(8).

■ Where the facts are generally undisputed and an administrative agency's decision is clearly based upon its interpretation or application of the law, administrative conclusions of law and decision based thereon are matters for the independent judgment of the reviewing court, and correction where erroneous. *M.V. Marine Co. v. State Tax Com'n of Mo.*, 606 S.W.2d 644, 647 (Mo. banc 1980).

In the case at bar, the evidence was undisputed and the decision of the Missouri Commission was based upon its interpretation and application of the terms of § 334.100. The only evidence presented to the Missouri Commission by the Missouri Board was the Complaint filed against Dr. Bhuket in the State of Texas and the Order of the Texas State Board of Medical Examiners in settlement of the allegations of the Complaint. The Order of the Texas Board was acknowledged as being accepted by counsel on behalf of Dr. Bhuket and not subject to appeal. While the effect of these documents was in dispute, the content was not.

The first question that presents itself in this appeal is whether the action taken by the State of Texas constitutes "disciplinary action" as required under § 334.100.2(8). The term "disciplinary action" was not de-

1. This was the effective statute at the time of the Missouri Commission's action herein and all references herein to § 334.100, are to RSMo Supp.1984, unless otherwise specifically stated.

2. Section 334.100.2(8) was amended effective September 27, 1987, to provide as follows:
(8) Revocation, suspension, restriction, modification, limitation, reprimand, warning, censure, probation or other final disciplinary action against the holder of or applicant for a license or other right to practice any profession regulated by this chapter by another state, territory, federal agency or country, whether or not voluntarily agreed to by the licensee or applicant, including, but not limited to, the denial of licensure, surrender of the license, allowing the license to expire or lapse,

or discontinuing or limiting the practice of medicine while subject to an investigation or while actually under investigation by any licensing authority, medical facility, branch of the armed forces of the United States of America, insurance company, court, agency of the state or federal government, or employer;
Section 334.100.2(8), RSMo Supp.1987, is not applicable to this cause. Statutes are not applied retrospectively except where the legislature manifests a clear intent of retrospective application or where the statute is procedural only and does not effect any substantive rights of the parties. *State ex rel. Webster v. Cornelius*, 729 S.W.2d 60, 65 (Mo.App.1987).

fined in the Missouri Statutes or by Missouri case law at the relevant times herein.[3]

■ Statutes authorizing the Missouri State Board of Registration for the Healing Arts to regulate and discipline physicians are remedial statutes enacted in the interest of the public health and welfare and must be construed with a view to suppression of wrongs and mischiefs undertaken to be remedied. *Bittiker v. State Board of Registration for the Healing Arts*, 404 S.W.2d 402, 405 (Mo.App.1966). Nontechnical words and phrases in the statutes are to be given their plain, ordinary and usual sense. *Id.*

The term "disciplinary action" as used in § 334.100.2(8), is a nontechnical term. Nonetheless, the Missouri Commission, in its Findings and Conclusions herein, defined the term in a technical sense. The Missouri Commission found as follows in defining the term "disciplinary action":

> [I]t contemplates not just the outcome but the process of a legal and formal demand, filed in a tribunal of competent jurisdiction, for the enforcement or protection of a right, redress or prevention of a wrong or punishment of a public offense. 1A C.J.S. *Actions*, Section 2, 302–304. 'It includes all the formal proceedings in a court of justice attendant upon the demand of a right made by one person of another in such court, including an adjudication upon the right and its enforcement or denial by the court.' *Black's Law Dictionary, Action,* at 26. See generally, *Miller v. Farmers' Exchange Bank of Gallatin* [228 Mo.App. 367], 67 S.W.2d 528, 532 (Mo.App.1934); *In re Estate of Guthland*, 438 S.W.2d 12, 15 (Mo.App.1969); *Parker v. Lowery,* 446 S.W.2d 593, 594–595 (Mo.1969).

The Commission cites authority applying a technical legal definition of the term "action" as used in the formal legal sense of a cause of action. The conclusion of the Missouri Commission in adopting a technical legal definition of the term "disciplinary action" as used in § 334.100.2(8), is contrary to the ordinary and usual meaning of the term as used in the statute, given that the term is to be construed with a view toward suppressing the wrongs undertaken to be remedied.

■ The term "disciplinary action" as used in § 334.100.2(8), contemplates any censure, reprimand, suspension, denial, revocation, restriction or other limitation placed upon the license of a person subject to Chapter 334. The conclusions of the Missouri Commission otherwise are erroneous. The restrictions placed upon appellant's license to practice medicine by the State of Texas were clearly disciplinary actions as contemplated by § 334.100.2(8) .

■ Given that the action by the State of Texas was a disciplinary action, it must next be considered whether the Texas disciplinary action was upon grounds for which discipline would be authorized in Missouri. The Missouri Commission held that the Missouri Board failed to establish that the Texas disciplinary action was upon grounds for which discipline would be authorized in Missouri. In this regard the Missouri Commission held as follows:

> ... there is no proof of the facts alleged in the action that was taken which would allow this Commission to give any effect to the Order of the Texas State Board as establishing 'grounds for which revocation or suspension is authorized by this state.'

The Missouri Commission overlooked the fact that the Texas Order was accepted by

---

**3.** Section 383.130, RSMo 1986, which became effective August 13, 1986, defines a "disciplinary action" as "any final action taken by the board of trustees or similarly empowered officials of a hospital or ambulatory surgical center to reprimand, discipline or restrict the practice of a health care professional. If the health care professional is a physician or surgeon, only such reprimands, discipline, or restrictions in response to activities which are also grounds for disciplinary actions pursuant to section 334.100, RSMo, shall be considered disciplinary actions for the purposes of this definition." This definition relates to reports by licensing authorities, hospitals or ambulatory surgery centers in regard to disciplinary action.

counsel on behalf of Dr. Bhuket and the Order specifically provides that it is "in settlement of the allegations contained in the complaint." This, taken together with an analysis of the allegations of the Complaint and the Texas Order, establishes the allegations of the Complaint as the basis for the Texas Order.

The Texas Order directed the suspension of Dr. Bhuket's license to practice medicine indefinitely with the possibility of reinstatement not prior to one year after the suspension and not prior to Dr. Bhuket complying with certain other directives. The other directives required that Dr. Bhuket pass a stated examination, secure a supervising physician acceptable to the Texas Board, undergo specified medical education, and then undergo a ten year period of probation.

The Texas Complaint alleged that Dr. Bhuket prescribed vitamin therapy and multivitamin injections and diagnosed vitamin deficiency, none of which was medically indicated or medically beneficial and some of which was harmful to the health and welfare of patients and all of which constituted medical incompetence, unprofessional or dishonorable conduct and professional failure to practice medicine in an acceptable manner consistent with public health and welfare. The Texas Order directed that Dr. Bhuket was not to practice megadose vitamin therapy.

The Texas Complaint alleged numerous instances of drug therapy that was not medically indicated or medically beneficial and that constituted medical incompetence, unprofessional or dishonorable conduct and professional failure to practice medicine in an acceptable manner consistent with public health and welfare. The Texas Order limited the drug therapies that Dr. Bhuket could employ and required that she keep a record of each prescription written for drugs which record was to be available to the Texas Board upon request.

The Texas Complaint alleged that Dr. Bhuket treated a patient diagnosed with cancer with the application of a plastic cone-like device which was to be applied to portions of the patient's body to draw pain from the area of application. It was alleged that this device was not medically indicated or medically beneficial and that such treatment constituted medical incompetence, unprofessional or dishonorable conduct and professional failure to practice medicine in an acceptable manner consistent with public health and welfare. The Texas Order directed that Dr. Bhuket not utilize in any manner in her medical practice any device not approved by her supervising physician.

The Texas Complaint alleged that Dr. Bhuket treated a patient with an ovarian cyst with a prong-like device for the purpose of delivering an electrical current. This treatment was alleged not to be medically indicated and to constitute medical incompetence, unprofessional or dishonorable conduct and professional failure to practice medicine in an acceptable manner consistent with public health and welfare. The Texas Order directed that Dr. Bhuket was not to utilize electro-medical devices except for approved devices.

It is readily apparent that the Texas Order addresses the allegations of the Complaint against Dr. Bhuket and that those allegations provide the basis and grounds for Dr. Bhuket's license being indefinitely suspended by the State of Texas. As accepted by Dr. Bhuket, the Order was in settlement of the allegations in the Complaint and not subject to appeal.

Section 334.100.2(5), provides for the denial, revocation or suspension of a physician's license by the State of Missouri for: Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by this chapter. The language in the Texas Complaint, i.e., medical incompetence, unprofessional or dishonorable conduct and professional failure to practice medicine in an acceptable manner consistent with public health and welfare, is equivalent to the language in the Missouri Stat-

ute. *See, Holmes v. Missouri Dental Board,* 703 S.W.2d 11, 12 (Mo.App.1985).

It was established that the Texas disciplinary action against Dr. Bhuket was taken upon grounds for which revocation or suspension is authorized in Missouri as required under § 334.100.2(8), RSMo 1984. The interpretation and application of the law by the Missouri Commission to the contrary was in error.

The judgment of the Circuit Court reversing the Missouri Commission is affirmed. This cause is remanded to the Circuit Court with directions to remand to the Missouri Commission for further action consistent with this opinion.

All concur.