**MISSOURI BOARD OF REGISTRA-
TION FOR THE HEALING
ARTS, Appellant,**

**v.**

**Laurence A. LEVINE, M.D.,
Respondent.**

**No. WD 43796.**

Missouri Court of Appeals,
Western District.

May 14, 1991.

William L. Webster, Atty. Gen., Stephanie K. Karl, Asst. Atty. Gen., Jefferson City, for appellant.

J. Thomas Archer, Thomas B. Borton, St. Louis, for respondent.

Before LOWENSTEIN, J., Presiding, and TURNAGE and FENNER, JJ.

LOWENSTEIN, Judge.

The Missouri Board of Registration for the Healing Arts ("Board"), appeals the trial court's affirmance of the Administrative Hearing Commission's ("AHC") decision to dismiss the Board's complaint against Dr. Laurence A. Levine.

Levine specializes in otolaryngology (ear, nose and throat). The Board sought to discipline his license because on two occasions he gave false answers under oath when testifying as a medical expert. First, at a deposition, Levine testified that he had passed the otolaryngology boards on his second attempt. Then, at an unrelated trial, Levine testified that he had passed his

1. These statutes apply because Levine's alleged misconduct occurred February 11, 1983, and

boards on his fourth attempt and also denied ever testifying he passed on his second attempt. The Board in its action claimed, that in truth, he actually passed his exam on his fifth attempt.

The Board argued Levine's actions violated § 334.100.2(4) and (5), RSMo 1983 and RSMo 1986.[1] These provisions provide that the Board may cause a complaint to be filed against a physician for:

(4) Obtaining or attempting to obtain any fee, charge, tuition or other compensation by fraud, deception or misrepresentation;

(5) Incompetency, misconduct, gross negligence, fraud, misrepresentation or dishonesty in the performance of the functions or duties of any profession licensed or regulated by this chapter;

Even though the AHC found that Levine's responses constituted misconduct, misrepresentation and dishonesty, the AHC dismissed the complaint on two grounds. First, the AHC concluded the facts did not establish that Levine obtained fees using misstatements as defined by § 334.100.2(4), RSMo Supp.1983 and RSMo 1986. Second, the AHC concluded that expert testimony by a non-treating physician is not "the practice of medicine" or one of a physician's functions and duties for which a medical license may be suspended or revoked under Chapter 334.

■ Appellant does not dispute the AHC's first conclusion regarding the inapplicability of part (4) of § 334.100.2, *supra.* Thus, this court affirms the finding that these facts do not establish that Levine obtained fees, "or other compensation by fraud, deception or misrepresentation," as defined in §§ 334.100.2(4). *State ex rel. Holly Inv. Co. v. Board of Zoning Adjustment of Kansas City,* 771 S.W.2d 949, 950–51 (Mo.App.1989); Rule 84.04(d).

■ The standard of review in this case is that the AHC decision must be upheld if it was supported by substantial evidence upon the whole record. Section 536.140.-

August 18, 1986.

2(3). The record must be viewed in a light most favorable to the AHC decision. *State Board of Registration for the Healing Arts v. Finch,* 514 S.W.2d 608, 618 (Mo. App.1974).

The Board's point on appeal is that the circuit court erred in upholding the AHC's order dismissing the Board's complaint because (A) the legislature intended the Board to discipline a physician's license for expert medical witness activity; (B) licensure is an evidentiary prerequisite for expert medical testimony; and (C) the AHC record shows that Levine engaged in the type of misconduct contemplated by § 334.100.2(5).

Both parties intensively briefed the issue of whether licensure is an evidentiary prerequisite for expert medical testimony. This court does not reach the issue because it is not dispositive. The dispositive issue is whether the doctor's conduct is prohibited by § 334.100.2(5), RSMo Supp.1983, RSMo 1986.

■ Appellant argues the legislature intended the Board to discipline a physician's license for improper expert medical witness activity because testifying as an expert is a function or duty of a physician. Legislative intent may be inferred from the statute's language when the words used are given their plain and ordinary meaning. *Wolff Shoe Company v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). The ordinary meaning of "function" applicable here is: "1: professional or official position: OCCUPATION, 2: the action for which a person or thing is specially fitted or used or for which a thing exists." The shared meaning elements of synonyms of "function" is "the acts or operations expected of a person or thing." *Webster's New Collegiate Dictionary,* 465 (1977). The ordinary meaning of "duty" applicable here is: "2a: obligatory tasks, conduct, service, or functions that arise from one's position (as in life or in a group). 3a: a moral or legal obligation." *Webster's New Collegiate Dictionary,* 355 (1977).

■ Legislative intent may also be inferred from a statute's purpose. *Gaddy v. State Bd. of Registration for the Healing Arts,* 397 S.W.2d 347, 353 (Mo.App.1965). The primary purpose of statutes authorizing the Board to discipline a physician's license is to safeguard the public health and welfare. *Bhuket v. Bd. of Reg. for the Healing Arts,* 787 S.W.2d 882, 885 (Mo. App.1990).

Appellant argues that testifying as a non-treating expert medical witness constitutes the "practice of medicine" and, thus, Levine is subject to discipline under § 334.100.2(5). Appellant cites several cases discussing the phrase "practice of medicine." In an action to enjoin a naturopath from practicing medicine without a license, the court in *State v. Scopel,* 316 S.W.2d 515 (Mo.1958), declined to judicially define what constitutes the practice of medicine in Missouri. *Id.* at 519. The court stated, however, that diagnosis is an "important and integral part of the practice of medicine," and held that diagnosis and treatment of the sick constituted the "practice of medicine" within the contemplation of Chapter 334. *Id.*

In another action to enjoin a naturopathic physician from practicing medicine without a license, the court in *State v. Errington,* 355 S.W.2d 952 (Mo. banc 1962), held:

> that the phrase "practice of medicine" was a term of "common understanding and meaning and universally accepted to include, although not necessarily limited to, the acts of one publicly representing himself to be trained in the treatment and cure of ills of the human body and purporting for a fee to diagnose bodily ills and effectuate a cure or an alleviation thereof." *Id.* at 956, citations omitted.

*See also, State v. Missouri Board of Chiropractic Examiners,* 365 S.W.2d 773 (Mo. App.1963) (chiropractic doctor who prescribed medicine exceeded the authority granted to him under his license); *State v. Leimer,* 382 S.W.2d 718 (Mo.App.1964) (naturopath who diagnosed and treated cancer was unlawfully practicing medicine without a license in violation of Chapter 334); *State ex rel. Missouri State Bd. v. Southworth,* 704 S.W.2d 219 (Mo. banc 1986) (in suit to enjoin defendant for unauthorized practice

of medicine or midwifery, court cites the *Errington* definition of "practice of medicine,") *supra.*

The Board argues that testifying as a non-treating medical expert constitutes the "practice of medicine" because the physician uses his "knowledge of a particular field to analyze or 'diagnose' the propriety of another practitioner's actions." This court disagrees.

Levine notes there are no Missouri cases holding that acting as a non-treating expert medical witness is subject to discipline under § 334.100.2(5). Levine points out that all of the Board's cases which discuss the "practice of medicine" define it as the diagnosis *and* treatment of the sick.[2] In the Board's cases, the defendants were disciplined because in the acts complained of they were diagnosing and treating patients in excess of the authority granted by their licenses or without a license at all. The case at bar differs factually from the Board's cases because Levine was not treating the sick.

█ The Board maintains that Levine's opinion of the standard of care rendered to the plaintiff in the medical malpractice action was equivalent to a diagnosis. This court is unwilling to accept the Board's characterization of "diagnosis." Levine did not diagnose and treat the sick merely by giving expert testimony as a non-treating physician. Furthermore, under the plain language of "function" and "duty," testifying as a non-treating medical expert is not an "obligatory task," nor "a moral or legal obligation," nor even an act "expected of" a person. This court holds that acting as a non-treating expert medical witness does not constitute the practice of medicine or the function or duty of a licensee and that Levine is not subject to discipline under § 334.100.2(5).[3]

█ This holding is supported by a further examination of all of the other subdivisions in § 334.100.2, RSMo Supp.1983 and 1986. Subdivision two lists twenty-one offenses for which the Board can cause a complaint to be filed. Of the twenty applying to physicians, only three directly relate to patient care. *See* § 334.100.2(1), (5) and (21), relating to impaired ability because of controlled substances or alcoholic beverages; gross negligence in performing duties or functions of a profession licensed or regulated by Chapter 334; and incompetency due to various causes, respectively. The other seventeen reasons the Board may cause a complaint to be issued relate to patient care only indirectly, if at all. *See, e.g.* § 334.100.2(14) (knowingly falsifying birth or death certificate). If the legislature had wanted to regulate the conduct of a physician acting as a non-treating expert medical witness, it would have statutorily so provided. The mention of one thing in a statute implies the exclusion of another. *Harrison v. MFA Mut. Ins. Co.,* 607 S.W.2d 137, 146 (Mo. banc 1980). The charge contravenes no conduct denounced by statute, so the Board's action must fail. The judgment is affirmed.

█

---

**2.** *See State v. Errington,* 355 S.W.2d 952 (Mo. banc 1962); *State v. Missouri Board of Chiropractic Examiners,* 365 S.W.2d 773 (Mo.App. 1963); *State v. Leimer,* 382 S.W.2d 718 (Mo.App. 1964); *State ex rel. Missouri State Bd. v. Southworth,* 704 S.W.2d 219 (Mo. banc 1966), *supra.*

**3.** Levine may be subject to prosecution for perjury under § 575.040, RSMo 1986.