Helen M. TAYLOR, Appellant,

v.

MISSOURI STATE BOARD
OF ACCOUNTANCY,
Respondent.

No. WD 48852.

Missouri Court of Appeals,
Western District.

July 26, 1994.

John D. Landwehr, Jefferson City, for appellant.

Dennis K. Hoffert, St. Louis, for respondent.

Before LOWENSTEIN, P.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

The Missouri State Board of Accountancy (Board) filed a complaint before the Missouri Administrative Hearing Commission (AHC) on January 18, 1989. The complaint alleged that Ms. Taylor had engaged in conduct justifying some form of discipline. The AHC conducted an evidentiary hearing which resulted in a finding that cause for discipline did exist. The Board then conducted a disciplinary hearing and on June 8, 1990, ordered that Ms. Taylor be placed on probation with special conditions for five years.

On January 8, 1992, the Board filed a "Statement of Charges of Violation of Probationary Order" that alleged a September 8, 1989, Housing and Urban Development (HUD) audit performed by Ms. Taylor had substantial and pervasive deficiencies. HUD also noted that Ms. Taylor performed an audit of a Kansas entity at a time when she was not licensed to practice as a public accountant in the State of Kansas, even though Kansas required her to be licensed to practice accounting in the State, in order to perform the audit.

On October 8, 1991, HUD debarred Ms. Taylor from participation in primary covered transactions and lower tier covered transactions, as either a participant or principal with HUD, throughout the executive branch of the federal government, and from participating in procurement contracts with HUD for three years.

A probation revocation hearing was held before the Board on February 6, 1992. The Board determined that Ms. Taylor had violated the condition of her probation which required that she:

... fully comply with all of the provisions of Chapter 326 RSMo. and all of the duly promulgated administrative rules of ... (the Board) and any amendments to either of the foregoing.

Section 326.130.2(8), RSMo.1986, lists the grounds upon which the Board may file a complaint and includes:

(8) Disciplinary action against the holder of a license or other right to practice any profession regulated by this chapter granted by another state, territory, federal agency, or country upon grounds for which revocation or suspension is authorized in this state;

On March 6, 1992, the Board revoked Ms. Taylor's accountancy license due to the alleged violation. The Board's decision was reviewed and upheld by the Circuit Court of Cole County.

Ms. Taylor raises two points on appeal: 1) that the Board's decision was unlawful because it was based upon evidence not authorized by law; and 2) that the Board's decision was arbitrary, capricious and unreasonable and not supported by competent and substantial evidence. We do not address Point I as the discussion of Point II is dispositive.

■■■ Although Ms. Taylor appeals from the judgment of the Circuit Court, we review the action of the administrative agency, the Missouri Board of Accountancy, and not the Circuit Court. *City of Cabool v. Missouri State Board of Mediation,* 689 S.W.2d 51, 53 (Mo. banc 1985). This court must determine whether the decision of the Board was based upon competent and substantial evidence upon the record as a whole. *Board of Education, Mt. Vernon Schools v. Shank,* 542 S.W.2d 779 (Mo. banc 1976).

■■■ In Point II, Ms. Taylor alleges the Board's decision was arbitrary, capricious, and unreasonable and not supported by competent and substantial evidence. She contends that she did not violate a condition of her probation during the period of probation.

Due process is required in both parole and probation revocations and certain minimum requirements must be met to comply with due process, but probation revocation is not a criminal proceeding. *Moore v. Stamps,* 507 S.W.2d 939, 947–949 (Mo.App.1974). The revocation of probation can occur only if the violation occurred during the probationary period. *United States v. Strada,* 503 F.2d 1081 (8th Cir.1974).

Ms. Taylor completed the HUD audit on September 8, 1989. The Board placed Ms. Taylor on probation on May 7, 1990. On October 8, 1991, HUD debarred her. Subsequently, the Board determined that Ms. Taylor violated a condition of her probation due to the debarment by HUD. We question how Ms. Taylor could have violated a term·or condition of her probation by an act which occurred nearly eight months prior to the imposition of her probation.

The Board could have filed a separate, independent case with the AHC pursuant to § 326.130.2(8), RSMo.1986, and allowed an evidentiary hearing wherein the HUD determination could be considered. The Board's decision, to allow a pre-probation act to constitute a violation of Ms. Taylor's probation, is arbitrary, capricious, and unreasonable.

The Board cites the case of *Bhuket v. Missouri State Board of Registration for the Healing Arts,* 787 S.W.2d 882 (Mo.App.1990) to support the argument that the HUD response to Ms. Taylor's audit was a "disciplinary action." In *Bhuket,* there was clearly a disciplinary action because Dr. Bhuket's license was revoked by the Texas Medical Board. The contested issue in *Bhuket* was whether the Texas revocation was a sufficient ground to justify a disciplinary action in Missouri. *Bhuket* is factually different from the instant case and the Board's reliance on it is misplaced.

The judgment is reversed and remanded to the Circuit Court for it to issue its order to the Board of Accountancy to reinstate appellant's accountancy license and her probation as of March 6, 1992.

All concur.