Kevin **FITZGERALD** and Laura
Fitzgerald, Plaintiffs/Appellants,

v.

**MIDWEST BUILDING INSPECTION,**
**INC., et al., Defendants/Respondents.**

No. 66933.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 5, 1995.

Warren W. Friedman, Ann E. Walker, The Law Offices of Warren E. Friedman, St. Louis, for plaintiffs/appellants.

Kenneth J. Heinz, Curtis, Oetting, Heinz, Garrett & Soule, Clayton, Charles S. Kramer, Riezman & Blitz, P.C., St. Louis, Howard Shalowitz, Clayton, for defendants/respondents.

TURNAGE, Senior Judge.

Kevin Fitzgerald and Laura Fitzgerald brought suit against Scott E. Schonbrun, Gloria Schonbrun and Michael T. Dowling for damages following the purchase of a house. The Fitzgeralds also brought suit against Midwest Building Inspection, Inc. in connection with the same house purchase. The jury returned a verdict against the Schonbruns and Dowling but the court entered a judgment notwithstanding the verdict. The jury also returned a verdict against Midwest but the court sustained a motion for a new trial for error in an instruction.

The Fitzgeralds contend that they proved a cause of action against the Schonbruns and Dowling based on a violation of a regulation adopted by the Missouri Real Estate Board and that the instruction against Midwest was proper. The judgment n.o.v. in favor of the Schonbruns and Dowling is affirmed and grant of new trial to Midwest is affirmed.

Scott E. Schonbrun, Gloria Schonbrun and Michael T. Dowling were the owners of a house in St. Louis County. They had owned the house only a few months and they did not occupy it prior to selling it to the Fitzgeralds. Scott Schonbrun and Dowling were licensed real estate brokers and Gloria Schonbrun was a licensed sales person. The Schonbruns and Dowling entered into a real estate contract with the Fitzgeralds whereby they agreed to sell the house to the Fitzgeralds.[1] One of the conditions of the contract was a termite inspection to be performed by the Fitzgeralds. The Fitzgeralds requested Midwest to perform a termite inspection. Midwest gave a report which said there was no apparent sign of termite damage or reinfestation from a previous presence of termites.

The Fitzgeralds closed on the purchase and thereafter engaged a pest control service to come to the property for general pest control work. During the pest control work, signs of termite damage were discovered. Thereafter this suit was filed.

The suit against the Schonbruns and Dowling was based on a violation of 4 C.S.R. § 250–8.110(5). That regulation states:

A licensee shall disclose to a prospective buyer or lessee all material facts of which s/he has knowledge or which are readily available to him/her including the condition of any property which s/he is offering for sale or lease. An as is clause written into a contract for the sale of real estate does not relieve a licensee of the requirements of this section.

The theory of the Fitzgeralds apparently was that the Schonbruns and Dowling should have discovered the presence of termites in the house and should have told them about this, even though the Schonbruns and Dowling were not acting as real estate agents in the sale of their own property.

The Fitzgeralds first contend that the court erred in granting judgment n.o.v. to the Schonbruns and Dowling because they had a private cause of action under 4 C.S.R. § 250–8.110(5). This contention has been squarely decided by this court in *Noss v. Abrams,* 787 S.W.2d 834, 838 (Mo.App.1990). In that case this court held that "the rule making power of the commission is granted for a limited purpose, which does not include a delegation of legislative power to establish a private cause of action for damages for violation of its rules." The Fitzgeralds seek to avoid the holding in *Noss* by contending that the court stated that there might be facts in the case which would enable a regulation adopted by the Real Estate Commission to support a private cause of action.

The Fitzgeralds seriously misread *Noss. Noss* discussed at 838(4) that the violation of a Real Estate regulation might involve facts which would form the basis of liability on a recognized cause of action such as fraudulent concealment. *Noss,* 787 S.W.2d at 838.

---

1. C.B. Schwartz Realty was the real estate agent for the sellers. The Fitzgeralds submitted their cause of action against Schwartz and its agent to the jury but the jury found in favor of Schwartz and its agent. No issue is raised on this appeal concerning Schwartz or its agent.

However, the court did not hold that any state of facts would support a cause of action based solely on a violation of a Real Estate regulation. In short, the court held that violating a Real Estate regulation might involve facts which would support a cause of action based on a recognized theory such as fraud, but that a violation of a Real Estate regulation per se would not support a private cause of action.

The Fitzgeralds do not suggest that their evidence would prove a cause of action on any theory except the violation of the regulation. In that circumstance the court correctly entered judgment n.o.v.

■ The Fitzgeralds submitted their case against Midwest by Instruction No. 8 which read:

> Your verdict must be for the plaintiffs, Kevin Fitzgerald and Laura F. Fitzgerald, and against defendant Midwest Building Inspection, Inc. if you believe:
> First, there was termite damage in the house that the plaintiffs purchased, and
> Second, the information supplied by the defendants to the plaintiffs about the house was false, and
> Third, defendant was thereby negligent, and
> Fourth, as a result of such negligence plaintiffs sustained damage.

During the instruction conference the attorneys for Midwest objected to Instruction No. 8 on the ground that it gave the jury a roving commission. The Fitzgeralds contend the instruction does not give the jury a roving commission.

In *Powers v. Ellfeldt,* 768 S.W.2d 142, 146 (Mo.App.1989), the court discussed an instruction which did not refer the jury to any act or omission of the defendant physician in his treatment of the plaintiff. The court held that an instruction gives the jury a roving commission to return a verdict when the instruction does not limit the jury to consider issues of fact developed in the evidence. Instruction No. 8 is defective in a number of ways, but it will suffice to discuss only the roving commission objection. It is readily apparent that the jury was not limited to issues of fact developed in the evidence. The theory of the Fitzgeralds pleaded in their petition against Midwest was that Midwest negligently performed the termite inspection. Yet there is nothing in Instruction 8 which would point the jury to those facts it would have to find in order to find that Midwest was negligent. Further, the information mentioned in paragraph second is not limited to termite damage—it would allow the jury to return a verdict if it found any information given by Midwest on any subject was false. Thus the jury was given free rein to find against Midwest without being limited to finding specific facts which would constitute negligence.

There is no relation between paragraph first and second in the instruction. The two paragraphs are simply abstract statements unconnected to any facts in evidence. The jury was left to speculate as to what facts it needed to find in order to find negligence.

In short, the jury was given an instruction which gave them absolutely no guidance as to what facts they were required to find in order to find that Midwest was negligent. It simply left the jury free to find negligence based on its own notion or fancy of what constitutes negligence.

■ There is inherent prejudice in an instruction which submits only abstract propositions to the jury without advising what facts the jury must find in order to conclude that a party is negligent. *Powers,* 768 S.W.2d at 147. As demonstrated above the instruction submitted only abstract propositions and was therefore prejudicial. The court was correct in granting a new trial to Midwest.

The judgment n.o.v. in favor of the Schonbruns and Dowling is affirmed. The judgment granting a new trial to Midwest is affirmed.

CRANE, C.J., and SIMON, J., concur.