In re PAULI'S ESTATE.

**Helen M. PAULI, Appellant,**

v.

**The BOATMEN'S NATIONAL BANK OF ST. LOUIS, Respondent.**

No. 42453.

Missouri Court of Appeals, Eastern District, Division Three.

March 10, 1981.

Donald H. Clooney, St. Louis, for appellant.

A. Robert Belscher, St. Louis, for respondent.

CRIST, Presiding Judge.

Appeal by Helen M. Pauli from an order of the Probate Division of the Circuit Court of St. Louis County granting a one year allowance of $30,000 to her as surviving spouse under § 474.260, RSMo 1978. This matter is submitted to us upon an "Agreed Statement of the Parties as Record on Appeal." We reverse with directions.

Robert Pauli died testate on March 3, 1979, survived by his spouse, Helen M. Pauli, and five (5) children born of their marriage. Mr. Pauli's Last Will and Testament, naming Boatmen's National Bank of St. Louis as executor, was probated in the Probate Division of the Circuit Court of St. Louis County on April 13, 1979.

On or about October 12, 1979, Mrs. Pauli made sworn, written application, pursuant to § 474.260, RSMo 1978 for a one year support allowance. Said application, made to the probate division on behalf of Mrs. Pauli and her minor children, requested the amount of $47,168.80 out of her deceased husband's estate. At the time Mrs. Pauli's application was made, the reasonable value of Mr. Pauli's estate was Six Hundred Twenty-Five Thousand Dollars ($625,000). In the application, Boatmen's National Bank, as executor, waived notice of hearing and consented to the setting and hearing on Mrs. Pauli's application at the convenience of the probate division. Boatmen's National Bank further stated, in the application, that its duly authorized officer, R. Keith Richter, had examined Mrs. Pauli's application and that Boatmen's National Bank had no objection to the application or the amount requested therein. No formal hearing was set or held by the probate division on Mrs. Pauli's application. Subsequent to the filing of said application, and in support thereof, Donald H. Clooney, as attorney for Mrs. Pauli and her minor children, appeared ex parte before the probate division on three separate occasions. No record of said appearances was made. No objection was made, by any interested person, to the application for family allowance in the amount of $47,168.80.

On November 28, 1979, the Honorable Louis M. Kohn, Judge of the Probate Division of the Circuit Court of St. Louis County, entered an order granting Mrs. Pauli's application for a family support allowance in the amount of $30,000 instead of $47,-168.80. Mrs. Pauli appeals this order. The respondent-executor has agreed to the foregoing statement of facts and has filed no brief in opposition to Mrs. Pauli's contentions in this appeal.

An application for a family allowance is in the nature of an equitable proceeding. *McDonnell v. Oxler's Estate*, 235 S.W.2d 568, 570 (Mo.App.1951). The probate division's order granting Mrs. Pauli only $30,000 as her support allowance must be affirmed on appeal unless there is no substantial evidence to support it, unless it erroneously declares the law or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

We find that there was no substantial evidence to support the probate division decision to reduce Mrs. Pauli's award from $47,168.80 to $30,000. Section 474.260, RSMo 1978 provides:

In addition to the right to homestead allowance and exempt property, the surviving spouse is entitled to a reasonable allowance in money out of the estate for his maintenance during the period of one year after the death of the spouse, *according to his previous standard of living, taking into account the condition of the estate of the deceased spouse.* [emphasis added.]

With respect to the Paulis' previous standard of living, the sole evidence before the court was the verified application. Respondent, in effect, consented to an allowance in the sum of $47,168.80 and there has been no other challenge to the claim. The uncontroverted evidence reveals Mrs. Pauli's expenses to be $47,168.80 to maintain her family, at her previous standard of living, for one year. The size of Mr. Pauli's estate, $625,000, provides no impediment to the allowance of the full $47,168.80. There is no evidence that the interests of creditors and potential distributees will be adversely

affected by a $47,168.80 support allowance disbursement.

In view of the particular facts and circumstances of this case, we are of the opinion that justice dictates that we reverse the decision of the trial court and order an allowance of $47,168.80 in lieu of the $30,-000 previously ordered by the probate division. The judgment entered on November 28, 1979 is hereby amended to read as follows:

> Pursuant to a petition for family allowance the Court ALLOWS Helen M. Pauli, the surviving spouse of the above decedent [Robert A. Pauli], the sum of $47,-168.80 as a family allowance.

Judgment reversed with directions.

REINHARD and SNYDER, JJ., concur.