Shirley ARNETT and Bobby
Arnett, Plaintiffs,

v.

Mitchell JOHNSON, M.D., et
al., Defendants.

Samuel A. GOLDBLATT and Fox, Goldblatt & Singer, Inc.,
Movants-Cross-Appellants,

v.

BROWN, CROUPPEN, WALTHER AND
ZWIBELMAN, P.C.,
Respondent-Appellant.

Nos. 48495, 48522.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 23, 1985.

nally for one-half of all amounts received from defendants; later amended to one-third. Mr. Goldblatt proceeded with the case, interviewing the clients, securing and receiving medical records and other materials, discussing the case with four doctors, and preparing and filing the petition. Later, Mr. Goldblatt was discharged without cause by the plaintiffs. Plaintiffs then retained the firm of Brown, Crouppen, Walther and Zwibelman, P.C. (hereinafter Mr. Zwibelman) under a one-third contingency agreement to represent them in the malpractice action. The agreement also obligated Mr. Zwibelman to pay any amount due to Mr. Goldblatt out of Mr. Zwibelman's fees. Subsequently, the plaintiffs and defendants in the malpractice action entered into a structured settlement having a present value of $2,250,000.00. Mr. Goldblatt and Mr. Zwibelman filed motions to distribute the attorneys' fees. Attorneys' fees were one-third of the settlement, $750,000.00. The trial court awarded $125,000.00, plus $1,015.71 out-of-pocket expenses to Mr. Goldblatt and the balance to Mr. Zwibelman.

Mr. Zwibelman appeals contending the trial court erred in: (1) misapplying the law, and (2) awarding excessive attorneys' fees to Mr. Goldblatt because there was insufficient evidence to support the award. Mr. Goldblatt cross-appeals claiming the trial court erred in: (1) relying on a misinterpretation of the evidence to assess the value of Mr. Goldblatt's services, and (2) granting an insufficient award because the weight of the evidence supports a higher award. We affirm.

Pursuant to the appropriate standard of review in a judge tried case, we will affirm the trial court's judgment unless it is not supported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32[1] (Mo. banc 1976). Our authority to set aside a judgment as being against the weight of the evidence must be exercised with caution and based upon a firm belief that it is erroneous. We must give due regard to

Aubuchon, Aubuchon & Raniere, Michael J. Aubuchon, Daniel C. Aubuchon, Gary W. Kullmann, St. Louis, for movants-cross-appellants.

Husch, Eppenberger, Donohue, Elson & Cornfeld, Mark G. Arnold, St. Louis, for respondent-appellant.

SIMON, Presiding Judge.

Samuel A. Goldblatt and Fox, Goldblatt & Singer, Inc., attorneys, and Brown, Crouppen, Walther and Zwibelman, P.C., attorneys, appeal from an order of the Circuit Court of the County of St. Louis distributing attorneys' fees pursuant to a structured settlement in a medical malpractice action. The plaintiffs in the underlying malpractice action entered into a contingent fee contract with Samuel A. Goldblatt and the firm of Fox, Goldblatt & Singer, Inc. (hereinafter Mr. Goldblatt) to prosecute their claim. The contract was origi-

the opportunity of the trial court to have judged the credibility of the witnesses. *Trenton Trust Co. v. Western Sur. Co.*, 599 S.W.2d 481, 483[1–4] (Mo. banc 1980). The trial judge can believe none, all, or part of a witness' testimony and reject the rest, even if uncontradicted. *Scott v. Dowling*, 636 S.W.2d 176, 180[8] (Mo.App.1982). Conflicts in the evidence are for the trial court to resolve and the facts and all reasonable inferences must be taken accordance with the result reached by the trial court. *Id.* at 483[3].

Our Supreme Court's holding in *Plaza Shoe Store, Inc. v. Hermel, Inc.*, 636 S.W.2d 53 (Mo. banc 1982) controls in this factual situation. Attorneys employed under a contingent fee contract who are discharged without cause before settlement or judgment, but after rendering valuable legal services, are limited to the recovery of the reasonable value of the services rendered. The amount may not exceed the contracted fee, and is payable only upon occurrence of the contingency. *Id.* at 57–60[2].

Further, the court is not bound by expert testimony on legal fees. Testimony as to legal services is advisory and helpful, *Sluggett v. Phillips*, 178 S.W.2d 458, 462[2] (Mo.App.1944), but the judge is an expert on the question of attorney's fees. *Sebree v. Rosen*, 393 S.W.2d 590, 599[9] (Mo.1965). The judge, acquainted with all the issues involved, may award attorney's fees without the aid of evidence. *Id.* Awards should not be disturbed unless there is a manifest abuse of discretion. *Mills v. Mills*, 663 S.W.2d 369, 374[12] (Mo.App. 1983).

Applying these principles of law, the record indicates that the award has substantial evidentiary support, is not against the weight of the evidence and the law was correctly applied. An extended discussion would not lend any precedential value.

Judgment affirmed.

STEPHAN, J., and HAROLD L. LOWENSTEIN, Special Judge, concur.