In re the ESTATE OF Stanley
STRAUSS, disabled,
Respondent,

v.

Milton W. SCHAEFFER,
Claimant–Appellant.

No. 56000.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 19, 1989.

Stephen C. Ludwinski, St. Louis, for claimant-appellant.

Edward L. Thomeczek, Deputy Public Administrator, Clayton, for respondent.

CRANDALL, Judge.

Claimant, Milton W. Schaeffer, appeals from the judgment of the probate division of the circuit court awarding $2,850.00 on his claim for attorney's fees against the estate of Stanley Strauss. We affirm.

Schaeffer, a licensed practicing attorney, began representation of Stanley Strauss on January 5, 1982, in a dissolution of marriage action involving his wife, Betty Strauss. Schaeffer and Stanley Strauss orally agreed that Schaeffer's fee would be paid either from an expected inheritance or from the proceeds of the sale of certain marital property, as those funds became available to Mr. Strauss.

The marital property was sold, and an escrow agent (agent) held the net proceeds for Mr. and Mrs. Strauss. Schaeffer sent a letter to agent asserting an attorney's lien on Stanley Strauss's share of the proceeds. Agent then brought an interpleader action naming, inter alia, both Stanley Strauss and Schaeffer as defendants. Schaeffer filed an answer to the interpleader petition claiming unpaid attorneys fees of $8,336.60 and whatever additional order or relief the trial court deemed just in the circumstances. The court ordered agent to pay $17,327.62 into the registry of the circuit court.

While the interpleader was pending, Strauss was declared mentally disabled by the probate division of the circuit court, and a public administrator was appointed as conservator of his estate. The circuit court ordered the funds in its registry paid over to the successor conservator of the estate of Stanley Strauss, subject to the supervision of the probate division. Schaeffer then filed his claim in the probate division for $8,336.60 against the estate of Stanley Strauss. The probate claim did not contain either a general or a specific request for interest.

The trial court heard Schaeffer's claim without a jury. Schaeffer made, and the court denied, an oral motion for interest on his claim. The court entered an order allowing the claim in the sum of $2,850.00.

■ Schaeffer first argues that the trial court's award of $2,850.00, instead of the full amount claimed, was against the weight of the evidence. Preliminarily, we note that no findings of fact or conclusions of law were requested of, or made by, the trial court. We therefore assume all fact issues were resolved in accordance with the result reached. Rule 73.01(a)(2). Although much of Schaeffer's first point centers on how the erroneous consideration of Strauss's mental disability affected the amount of the judgment, absolutely nothing in the record indicates that the issue formed any basis for the court's decision. Accordingly, we do not address it on appeal.

■ The setting of attorney's fees is within the sound discretion of the trial court and should not be reversed unless the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *Roberts v. McNary*, 636 S.W.2d 332, 338 (Mo. banc 1982); *Gilroy–Sims & Assoc. v. Downtown St. Louis*, 729 S.W.2d 504, 508 (Mo.App.1987). The burden is on the appellant to show a clear abuse of discretion. *Roberts*, at 338. The trial court is considered to be an expert on the question of attorney's fees and may even fix the amount of attorney's fees without the aid of evidence. *Id.* Here, the trial court heard testimony from both Schaeffer and Stanley Strauss and reviewed Schaeffer's billing ledger sheets for his work on the Strauss matters. There was also evidence of previous payments on the account. Based on the record before us, we cannot say that the court abused its discretion in fixing the amount due for Schaeffer's services at $2,850.00. Appellant's first point is denied.

■ Schaeffer next claims the trial court erred in denying his oral motion for interest on his claim for attorney's fees. It is well settled that even if a claimant is entitled to interest, he cannot recover it where he has failed to include it in his demand. *Federal Deposit Ins. Corp. v. Farmers Bank of Newtown*, 180 S.W.2d 532, 535 (Mo.App.1944). Here, Schaeffer failed to include any demand for interest in his probate claim. His only pleaded demand for additional relief was contained in his answer to agent's interpleader. He argues that this general demand served as

part of his claim against Strauss's estate. The trial court informed Schaeffer that the court would consider only his claim and not his answer to agent's interpleader. Schaeffer never amended his claim. His oral motion for interest on his claim for attorney's fees was therefore not properly before the court. Schaeffer's second point is denied.

The judgment is affirmed.

PUDLOWSKI, P.J. and KAROHL, J., concur.