Andrew G. SMITH, Appellant,

v.

In the ESTATE OF Mina C.
HARRISON, Respondent.

No. 60101.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 21, 1992.

Andrew G. Smith, pro se.

John S. Steiner, St. Louis, for respondent.

STEPHAN, Judge.

Andrew G. Smith appeals from a trial court order which awarded him partial payment for professional services and expenses expended in attempting to settle the estate of Mina C. Harrison. We affirm.

On February 16, 1987, Mina C. Harrison died, testate. Harrison's will designated her son, John V. Harrison, and her daughter, Mary Harrison Bland, as her personal representatives. At Harrison's funeral, John and Mary asked Smith to assist with the administration of Harrison's estate. On April 8, 1987, the trial court opened an independent administration of Harrison's estate. Subsequently, differences in the interpretation of Harrison's will and the administration of her estate arose. On November 24, 1987, the trial court granted Smith leave to withdraw. At Mary's request, Smith submitted his final bill on March 1, 1988. Smith's bill totalled $5,501.50.

On February 7, 1990, Smith filed his: "Objections To The Statement Of Account", wherein Smith contended that he had not been paid for services rendered.

Subsequently, on April 23, 1990, John and Mary paid Smith $599.88, leaving the balance of $4,901.62 unpaid.

On January 8, 1991, the trial court held a hearing on Smith's objections. John S. Steiner appeared on Mary's behalf, as well as on behalf of two of Harrison's other children. John Harrison was not represented. Smith appeared on his own behalf. All parties present agreed to submit the matter to the trial court on the pleadings. On January 28, 1991, the trial court entered its order sustaining Smith's Objections To The Statement Of Account. In its order, the court directed John and Mary to pay Smith $1,000.00 as his fee plus $446.50 for cash advances, for a total fee of $1,446.50. The court also distributed Harrison's estate.

On February 11, 1991, Smith filed his: "Motion for Reconsideration, Rehearing Or A New Trial." The trial court heard this motion on April 18, 1991, and denied the same.

Review of this court-tried case is governed by Rule 73.01 and the well-known principles presented in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, the decision of the court must be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

Smith's first three points on appeal challenge the adequacy of the trial court's award of $1,446.50 for his services. Smith's first point is that the trial court erred in awarding him less than he requested because the pleadings were stipulated and uncontested. Smith's second point is that the trial court erred in rendering its award because the court made its own independent investigation, and, in so doing, failed to take any testimony from the parties, consult any experts, or review all documentary evidence except that in the probate file. Finally, Smith's third point is that the trial court erred in interpreting the Probate Code in that it believed that it was restricted by the size of the probate estate from allowing Smith's entire fee. Smith contends that the reasonableness of his fee is the criterion to be followed. Smith further contends that the size of the probate estate is only one factor in determining "reasonableness". We address Smith's first three points collectively.

At the outset, we note that there is some controversy over what type of fee Smith sought for the services that he rendered. In his "Objections To The Statement Of Account", Smith pled that: (1) he is an attorney practicing in St. Louis County; (2) at Harrison's funeral, John and Mary asked him to assist with the administration of the estate; (3) he gave his best efforts to the specified employment; (4) differences in the administration of Harrison's will and administration of the estate arose; (5) he offered, and John and Mary accepted, his resignation on October 16, 1987; (6) at John's and Mary's request, he continued working to assist in the transfer of records to the new attorneys for the estate; (7) he submitted his final invoice, totaling $5,501.50; and (8) the statement remains unpaid. At no point did Smith characterize his fees as attorney's fees. Moreover, at the January 8, 1991 hearing, Smith specifically denied that his bill was for attorney's fees. Smith stated: "[w]ell, this is not a legal fee. I'm an accountant principally, who happens to have a law degree. I did not provide legal services as such. I did principally the tax work and some other kind of work operating between the lawyer in Boston and the Probate Code, the go-between."

Despite Smith's adamant denial that he was seeking attorney's fees, the trial court viewed the issue as one for attorney's fees because Smith was the attorney of record for John and Mary. In the trial court's order, the court states: "the objection ... is that [Smith] was not paid an attorney fee for legal services rendered [John and Mary] from and prior to April 8, 1987, when the letters were granted, until November 25, 1987, when he withdrew as attorney. He states that he is entitled to a fee for legal services rendered [John and Mary] in the sum of $5,055.00 plus expenses advanced of $446.50 for an alleged total amount due him of $5,501.50." The

trial court thereafter awarded Smith $1,000.00 plus cash advances of $446.50, for a total fee of $1,446.50.

Smith subsequently filed a "Motion For Reconsideration, Rehearing Or A New Trial." In that motion, Smith responds to the trial court's characterization of his fee as a fee for legal services. Smith states: "[a]ctually, the claim represents fees for a variety of services...." At the trial court hearing on this motion, Smith stated: "[m]y services to the estate were as liaison, facilitator, because [John and Mary] were basically out of St. Louis, to do whatever—as accountant, to prepare tax returns for the individuals, for the decedent."

■ In reviewing this court-tried case, our primary concern is the correctness of the trial court's result, not the route taken to reach it. *Kopp v. Franks*, 792 S.W.2d 413, 419 (Mo.App.1990). Therefore, we are obliged to affirm if we determine that the trial court reached the correct result, regardless of whether the trial court's proferred reasons are wrong or insufficient. *Id.* Here, we are satisfied that the trial court reached the correct result. We draw this conclusion for the following reasons. It is apparent from the above facts that Smith wore two hats in the attempted administration of Harrison's estate. Smith played the role of attorney as evidenced by the facts that: (1) he was the attorney of record; and (2) the letterhead on the bill that he submitted for his professional services reads, "Andrew G. Smith Attorney At Law". Smith also acted as an accountant as evidenced by his statement: "... this is not a legal fee. I'm an accountant who happens to have a law degree." In this dual capacity, it is clear that Smith was entitled to some sort of compensation.

An independent personal representative, because he owes a fiduciary duty to persons interested in the estate, must secure the advice and services of an attorney. Section 473.787.3, RSMo 1986. Attorneys performing services for the estate receive, as the minimum compensation for their services, the following pertinent percentages of the value of the personal property administered: on the first $5,000, 5 percent; on the next $20,000, 4 percent; and on the next $75,000, 3 percent. Sections 473.153.1 and 473.153.3, RSMo.Cum.Supp.1991.

Moreover, a personal representative may employ an independent accountant to assist him in filing federal and state income tax returns or establishing records of account and reporting on financial results in those estates requiring this service. Section 473.797, RSMo.1986. Independent accountants are allowed out of the estate reasonable compensation for their services. Section 473.797, RSMo.1986; Section 473.153.3, RSMo.Cum.Supp.1991.

Review of the statutes reveals no legislative directive regarding how to compensate a person who operates as both an attorney and as an accountant. Moreover, the statutes give no legislative directive regarding how to compensate a person, either in such a dual capacity or as solely an attorney or an accountant, if the person withdraws his or her representation, as was the case here.

■ We are unable to say that there is no substantial evidence to support the trial court's determination that Smith acted primarily as an attorney since Smith was the attorney of record and Smith's letterhead so indicates. Moreover, we are unable to say that there is no substantial evidence to support the trial court's $1,446.50 award to Smith. The setting of attorney's fees is within the sound discretion of the trial court and should not be reversed unless the award is so arbitrary or unreasonable that it indicates indifference and lack of proper judicial consideration. *Estate of Strauss v. Schaeffer*, 781 S.W.2d 274, 275 (Mo.App. 1989). The burden is on the appellant to show a clear abuse of discretion. *Id.* The trial court is considered to be an expert on the question of attorney's fees and may even fix the amount of attorney's fees without the aid of evidence. *Id.* Here, the trial court reviewed the pleadings and Smith's bill to John and Mary for his work on Harrison's estate. Smith's claim for compensation embraced numerous administrative duties (such as organization of bills, trips to the bank, correspondence to the real estate agent, payment of court costs

**74**

and others) which, while important to the administration of the estate, are not compensable by fees at professional rates. *See Estate of Newhart*, 622 S.W.2d 398, 402 (Mo.App.1981). Based on the record before us, we cannot say that there is no substantial evidence to support the court's decision, that the decision is against the weight of the evidence, or that the decision erroneously declares or applies the law. Smith's contention that the compensation awarded him is inadequate is, therefore, without merit.

 Moreover, Smith's contention that the trial court erred in awarding him less than he requested, because the pleadings were stipulated and uncontested, is also without merit. The parties agreed to submit the case on the pleadings. It was within the trial court's province to apply its legal expertise to the pleaded facts and render a decision. We further note that Smith's contention that the trial court erred in failing to take any testimony from the parties, consult any experts, or review all documentary evidence except that in the probate file, is also without merit. Both parties agreed to submit the case *on the pleadings*. The trial court was, therefore, under no duty to accept additional information before rendering its decision. Despite the lack of duty, the trial court held two hearings at which the trial court allowed Smith ample time to present any information he desired. Furthermore, Smith's contention that the trial court erred in interpreting the Probate Code is without merit, for: (1) the Probate Code, as noted above, neither addresses the situation where one person serves as both an attorney and an accountant nor the situation where such person withdraws his representation; and (2) the trial court's award is supported by substantial evidence.

 Finally, Smith's fourth point is that the trial court erred in failing to specify the payment of interest from either the date of judgment or the date of submission of Smith's statements. It is well-settled that even if a claimant is entitled to interest, he cannot recover it where he has failed to include it in his demand. *Estate of*

*Strauss v. Schaeffer*, 781 S.W.2d 274, 275 (Mo.App.1989). Here, Smith failed to include any demand for interest in his "Objections To The Statement Of Account." Smith's fourth point is, therefore, denied.

For the reasons stated above, we affirm the trial court's decision.

PUDLOWSKI, P.J., and CRIST, J., concur.