**COUNTY OF ST. CHARLES, State of Missouri, Plaintiff,**

v.

**Gerald J. BAMBERGER and Maxine Bamberger, his wife, Respondents/Appellants,**

v.

**J.B. CARTER, Movant/Respondent.**

No. 62322.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 21, 1993.

G. Jeffrey Lockett, Dale L. Rollings, David C. Rushing, St. Louis, for respondents, appellants.

Claude C. Knight, Joe Bill Carter, Margaret Zoole, Kirkwood, for movant, respondent.

GRIMM, Presiding Judge.

Clients appeal the trial court's order awarding attorney fees in quantum meruit. They raise eight points of error. We modify the trial court's order which granted interest to attorney on the award of fees. In all other respects, we affirm the judgment of the trial court.

## I. Background

St. Charles County condemned clients' office building on November 20, 1991. Clients hired attorney, a former classmate and co-worker, to represent them in the condemnation.

The parties discussed various fee arrangements. Clients wanted attorney to work for an hourly fee. On the other hand, attorney wanted either a flat fee or a contingent percentage fee. Although no fee agreement was reached, attorney represented clients.

The trial court found that before the petition for condemnation was filed, the last written offer from the county was $335,000. Following the appointment of condemnation commissioners and a hearing, the commissioners awarded $400,000. Attorney filed clients' exceptions to the commissioners' award. Clients then requested he withdraw as attorney of record and send a statement for his services.

Attorney filed a statutory lien on the commissioners' award. He claimed $17,600 based on quantum meruit or $7,500 based on the discussed flat fee. Clients then filed a motion to, among other things, draw down the commissioners' award. The trial court ordered distribution of the award, but retained $17,600 in the court registry subject to a determination of attorney's claim. Attorney moved for payment of attorney's fees.

Following a hearing, the trial court found that the parties did not reach an agreement regarding attorney's fee. As a result, it concluded the award would be based on quantum meruit. It determined the reasonable value of attorney's services was $9,700. In addition, it awarded the "interest that has been earned on said investment."

## II. Interest

Clients allege the trial court erred in awarding attorney "interest in addition to its basic award because there is no authority in the court for such an award of interest, in that [attorney] made no demand for [interest] ... and in that there was no contractual basis for payment of said attorney fees."

A review of the record indicates that attorney did not request interest in either his motion for attorney fees or his addendum to that motion. "It is well-settled that even if a claimant is entitled to interest, he cannot recover it where he has failed to include it in his demand." *Smith v. Estate of Harrison*, 829 S.W.2d 70, 74 (Mo.App.E.D.1992).

Where a specific demand for interest is not made, a general demand authorizes a court to award interest. Thus, a general request seeking "such other relief as may be proper under the premises" authorizes a court to award interest. *See General Aggregate Corp. v. LaBrayere*, 666 S.W.2d 901, 910 (Mo.App.E.D.1984); *Haynes v. Allen*, 482 S.W.2d 85, 89 (Mo.App.E.D.1972). Here, the pleadings do not contain a general request for relief.

Further, attorney made neither a specific nor a general demand for interest. As a

result, the trial court was not authorized to award interest.

Under Rule 84.14, we are required to enter judgment which finally disposes of the case. *Wallace v. Wallace,* 839 S.W.2d 354, 359 (Mo. App.W.D.1992). Therefore, we modify the trial court's order by eliminating the interest awarded to attorney.

### III. Other Issues

We have considered the other seven points clients have raised. No jurisprudential purpose would be served by a written opinion. However, the parties have been furnished with a memorandum opinion for their information only, setting forth the facts and reasons for our decision. *See* Rule 84.16.

The judgment of the trial court is affirmed as modified. Costs are assessed equally to the parties.

CARL R. GAERTNER and AHRENS, JJ., concur.