In the **ESTATE OF Lloyd E. GRASS,**
**An Incapacitated and Disabled**
**Person, Respondent,**

v.

Betty **DOWNEY, Appellant.**

No. 64133.

Missouri Court of Appeals,
Eastern District,
Division One.

March 29, 1994.

Timothy J. Farrell, Burlison & Farrell, O'Fallon, for appellant.

Alan P. Walters, St. Charles, Wesley C. Dalton, Warrington, for respondent.

REINHARD, Judge.

Appellant appeals an order of the probate division of the circuit court (1) ratifying Conservator ad Litem's collection and disbursement of cash assets from the protectee's estate, and (2) ratifying and approving disbursements by Conservator from the protectee's estate. We affirm.

On October 22, 1992, T. Donald Moore petitioned the circuit court of Warren County, probate division to appoint him Conservator and/or Conservator ad Litem of the Estate of Lloyd E. Grass.[1] The following day he was appointed Conservator ad Litem by the court. On November 16, 1992, appellant, as administratrix of the Estate of Sherry L. Grass filed a motion to intervene.[2] On December 18, 1992, a hearing was held, and the court found protectee to be disabled and appointed Moore Conservator pending the posting of a surety bond of $50,000. On January 22, 1993, a surety bond from Western Surety Company in the amount of $50,000 was filed and approved. Consequently, Moore was granted Full Letters of Conservatorship by the court.

During the period in which Moore was acting as Conservator ad Litem, both collections and disbursements of cash assets of protectee's estate were made. After the expiration of his thirty day appointment as Conservator ad Litem, Moore continued to collect and disburse the cash assets of protectee's estate. Moore also made numerous collections and disbursements of the cash assets of protectee's estate following his receipt of Full Letters of Conservatorship. Specifically, on January 28, 1993, Conservator made a disbursement of $14,500 to C. John Pleban, an attorney defending protectee against a criminal charge of first degree murder. Moore did not obtain prior authorization by the court for any of the disbursements.

On April 9, 1993, Conservator filed a motion with the probate division of the circuit court for ratification of "all the transactions conducted by T. Donald Moore in his capacity as the Conservator ad Litem and the transaction conducted by T. Donald Moore, as Conservator, in the payment of attorney fees on January 28, 1993." An "Inventory and Appraisement" was also filed.[3] On April 23, 1993, a hearing was held on the motion to ratify Conservator's actions. Conservator and appellant appeared in person and by counsel. On April 26, 1993, the motion to ratify was again taken up for hearing, and the court entered an order ratifying all expenditures listed on the submitted inventory.

We review the probate division order as an equitable proceeding and must affirm it unless there is no substantial evidence to support it, it is against the weight of the evidence, it erroneously declares the law, or it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); *Matter of Parkhurst*, 821 S.W.2d 575, 577 (Mo.App.1992).

In probate matters, the judges serving in probate divisions of circuit courts have general equitable jurisdiction. § 478.260, RSMo Supp.1993. However, they also possess implied powers as may be necessary and essential to the exercise of the expressly granted statutory powers. *In Re Pfiffner's Guardianship*, 194 S.W.2d 233, 239 (Mo.App. 1946).

In her first point on appeal, appellant contends "any actions on behalf of the estate

---

1. There is nothing in the record which provides an indication of the circumstances necessitating the appointment of a Conservator to manage the estate of protectee.

2. Appellant is the mother-in-law of protectee, who is awaiting trial on a charge of murdering his wife, Sherry Grass.

3. This listed all of Protectee's estate's assets and all transactions involving protectee's estate since the appointment of the Conservator ad Litem.

by T. Donald Moore after the thirty day Conservator ad Litem appointment and prior to the [Receipt of Full] Letters of Conservatorship were improper and in violation of the Statute." Consequently, she asserts, the court erred in ratifying those actions.[4]

Conservator concedes he failed to obtain any prior court authorization. However, we refer to § 475.091, RSMo 1986, which provides (in relevant part):

The court has the following powers which may be exercised directly or through a conservator in respect to the estate and affairs of minors and disabled persons:

(1) While a petition for appointment of a conservator of the estate is pending, on motion and with notice to the attorney appointed to represent the minor or alleged disabled person and after preliminary hearing and finding of probable cause that the allegations of the petition and motion are true, *the court may appoint a conservator ad litem to* collect, protect and preserve the assets of the minor or alleged disabled person and, *on order of court, disburse funds for the necessary support and maintenance of the minor or alleged disabled person* and those members of his family who are dependant upon him; (emphasis added).

Section 475.092, RSMo 1986, provides (in relevant part):

1. If it is established in a proceeding conducted in the manner prescribed for appointment of a conservator of the estate that a person is a minor or disabled, the court, without appointing a conservator, may authorize, direct or ratify any transaction necessary or desirable to achieve any security, service, or care arrangement meeting the foreseeable needs of the minor or disabled person.

2. When it has been established in such a proceeding that the person is a minor or disabled, *the court, without appointing a conservator, may authorize, direct or rati-*

*fy any contract or other transaction relating to the minor or disabled person's financial affairs or involving his estate if the court determines that the transaction is in the best interests of the minor or disabled person and if such action would otherwise be within the power of the court pursuant to this chapter.* (Emphasis added).

Moore failed to make a motion to extend the term of his appointment as Conservator ad Litem (as required by § 475.075.11, RSMo 1986) and did not seek prior approval of the disbursements (as required by § 475.091(1)). However, § 475.092 provides the court with the authority to ratify disbursements made in the absence of a Conservator, it seems clear the court did not abuse its discretion by ratifying disbursements made by an individual who had been Conservator ad Litem and subsequently became Conservator. Moreover, these disbursements appear to be routine bill payments, necessary for the maintenance of protectee's estate and in protectee's best interest. Additionally, appellant was afforded an opportunity to contest the reasonableness of the disbursements at the hearing on respondent's motion to ratify.

■ In her second point on appeal, appellant contends the disbursement made by Conservator on January 28, 1993 to C. John Pleban for attorney's fees required prior court authorization and was not subject to subsequent ratification by the probate court. Appellant does not challenge the reasonableness of the amount of the disbursement for attorney's fees, she only contends that the court had no authority to ratify it.

Conservator has a duty to defend protectee from court actions "instituted against protectee." § 475.130.4, RSMo 1986. While we agree with appellant that Conservator should have obtained prior court authorization for this disbursement, § 475.091(2) provides the court with the power to ratify disbursements which should have been authorized prior to their execution but were not:

---

4. In her brief, appellant indicates she "is not protesting the actions of the Conservator ad Litem during the Statutory [sic] prescribed thirty-day period or the initial appointment of the Conservator ad Litem by the court." Subsequently, however, she contends § 475.091(1), RSMo 1986, only permits the Conservator ad Litem to disburse assets of the estate "on order of the court." Given the facts of the instant case, it is appropriate to consider those disbursements made during the thirty day period and those that followed as a unified whole.

*Upon finding that the transaction was or is beneficial to the protectee, the court may approve, ratify, confirm and validate any transaction entered into by a conservator of the estate without court authorization which it has power under this section to authorize the conservator to conduct.* The power of the court to approve, ratify, confirm and validate transactions entered into by a conservator of the estate without court authorization includes, *without limitation,* retention of real or personal property, compromises of claims by and against the estate, investments, purchases, sales, mortgages, exchanges, abandonment, leases of any duration, improvements, contracts to improve, contracts to sell, contracts to purchase, contracts to exchange and grants of options, easements, profits or other rights with respect to land or other property. It also includes, without limitation, payment of a mortgage indebtedness on the real estate of the protectee out of his personal estate and purchase of real estate at a sale made under a mortgage, deed of trust, vendor's lien or other lien held by the protectee. It also includes the power to make, ratify and undertake proceedings for, and agreements incident to, dissolution of the marriage of the protectee, and transactions involving conflicts of interest between conservator and protectee. (Emphasis added).

Appellant contends the transactions set out in § 475.091(2) represent a complete list of transactions which the court may approve. We disagree. The phrase "without limitation" clearly designates the subsection as a non-exclusive list of examples of permissible transactions. In light of Conservator's statutory mandate, we cannot conclude the payment of attorney's fees to the attorney charged with protectee's defense at a criminal trial for murder in the first degree was improper.

We affirm.

CRANDALL, P.J., and CRIST, J., concur.