In the **ESTATE OF Edith L. MUNDAY, Deceased.**

**W.W. SLEATER, Appellant,**

v.

**Daniel BOONE, Personal Representative of Edith L. Munday, Deceased, Respondent.**

No. 65021.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 1, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 8, 1994.

W.W. Sleater, pro se.

Mary Colleen Sleater, Kirkwood, Warren W. Friedman, St. Louis, for appellant.

Robert Edward Metzler, St. Louis, for respondent.

DOWD, Judge.

W.W. Sleater appeals from the trial court's order denying his claim against the Estate of Edith Munday (Decedent) for attorney's fees for services rendered from 1970–1983. We affirm.

Sleater was Decedent's attorney from 1953–1983. From 1953–1970, Sleater billed Decedent for his services on a regular basis and he received prompt payment. Sleater continued to represent Decedent from 1970 until her death in 1983, but he never billed her for any services during this period of time. On October 25, 1983, Sleater filed a claim against Decedent's estate for $43,-166.92, the amount he claimed she owed him for attorney's fees. However, Sleater did not attempt to collect on this claim until May of 1992. At this time, he learned the claim had never been ruled on by the probate court.

The probate court held a hearing on the validity Sleater's claim on October 5, 1993. Daniel Boone, the personal representative of Decedent's estate, appeared to protest the claim. However, Sleater was the only witness who testified at the hearing as Decedent, the alleged recipient of the legal services, and Madge Munday, the personal representative who allegedly approved Sleater's claim, were both deceased.

After hearing Sleater's testimony, the trial court denied his claim finding:

1) Claimant testified that prior to the time period covered by his claim he had regularly billed decedent, Edith L. Munday, for services provided to her over a seventeen year period and was paid on a timely fashion. He then stated that no billings were made and no payments received for the periods covered by the claim.

2) The time slips (claimant's exhibit 3) includes slips for the estate of Madge Munday, Daniel Boone and the estate of S. Gilboe. In addition, several slips are stamped "paid".

The court finds that the claimant's testimony and claim lack credibility based on the evidence presented. Therefore, the court denies claimant's claim for compensation for services in its entirety.

On appeal, Sleater alleges the trial court erred in denying his claim for compensation because: (1) he presented evidence of the legal services he performed for Decedent, and there is a presumption he intended to be paid for the services because he and Decedent are not related; (2) Decedent's estate failed to meet its burden of proving payment was made because the "paid" stamp on some of the time slips entered into evidence only indicated the law clerk was paid for the research; and (3) although some time slips for the S. Gilboe estate were erroneously included in the evidence Sleater presented to the probate court, he did not bill both Decedent and the S. Gilboe estate for the same services.

■■■ The Court of Appeals treats decisions of the probate division like decisions in other judge-tried cases and will uphold them on appeal unless there is no substantial evidence to support them, or they erroneously declare or misapply the law. *Matter of Parkhurst*, 821 S.W.2d 575, 577[1] (Mo.App. 1992). Further, we give great deference to the trial court's opportunity to judge the credibility of a witness. *Arnett v. Johnson*, 689 S.W.2d 836, 837–38[3, 4] (Mo.App.1985). The trial judge is free to believe all, none, or part of a witness' testimony and may reject the rest of it even if uncontradicted. *Id.*

Sleater bases his claim on the presumption a claimant intended to be paid for services rendered to a decedent where no family relationship between the decedent and the claimant is established. *Estate of Moore*, 802 S.W.2d 192, 194–95[3] (Mo.App.1991); *Ellinwood v. Estate of Lyons*, 731 S.W.2d 23, 27[10] (Mo.App.1987). Therefore, as Sleater argues in his brief, he should be allowed to collect his attorney's fees from Decedent's estate "unless he did not perform the legal services or unless he had been paid for his services."

We find there was sufficient evidence to uphold the trial court's denial of Sleater's claim under either of these theories. First, there was sufficient evidence from which the trial judge could find Sleater failed to establish he performed legal services for Decedent for which he had not been compensated. Although we must presume any legal services Sleater performed for Decedent were not rendered gratuitously, Sleater still bears the burden of proving he has a valid claim for legal services against Decedent's estate. *See, Clark v. Estate of Powell*, 540 S.W.2d 236, 237[2] (Mo.App.1976). "A party having the burden of proof may fail to carry that burden in a judge-tried case even if such party's proof is in part documentary and uncontradicted." *Missouri Department of Social Services v. Beckner*, 813 S.W.2d 353, 355[3] (Mo.App.1991).

Further, the trial court is considered an expert on the question of attorney's fees. *Estate of Strauss v. Schaeffer*, 781 S.W.2d 274, 275[3] (Mo.App.1989). It may fix the amount of attorney's fees to be awarded without the aid of evidence, and its decision not to award any attorney's fees may not be reversed absent a showing it was so arbitrary or unreasonable as to indicate indifference and lack of proper judicial consideration. *See, Id.* The trial court did not err in denying Sleater's claim. Point denied.

Judgment affirmed.

CRANE, P.J., and CRANDALL, J., concur.